## COUNTY OF YORK.

(*) GURNEY *versus* TUFTS.

A magistrate's warrant of commitment must show his jurisdiction to issue it.

If it show the want of such jurisdiction, it can give no protection to the officer who executes it.

By the Act of 1851, c. 211, § 11, a magistrate might sentence the owner or keeper of spirituous or intoxicating liquor to stand committed for thirty days in default of payment of the fine imposed.

But for such default, the magistrate has no authority to order the offender to be imprisoned until he pay the fine or be otherwise discharged by due course of law.

If a magistrate's warrant of commitment in a criminal prosecution fails to show that, on the complaint, the accused was arrested or arraigned, or that he pleaded or was tried, or that there was any proof of his guilt; and if it expressly negatives that he was present before the magistrate; and if it also shows that an unlawful sentence of imprisonment was imposed upon him, such a warrant will not justify an officer in arresting him.

From an arrest made upon such a warrant, the party arrested is entitled to be discharged by writ *de homine replegiando.*

DE HOMINE REPLEGIANDO.

The writ was returnable to the late District Court, and was as follows:—

"We command you, that justly and without delay, you cause to be replevied John Gurney, who, (as it is said) is taken and detained in a place called Alfred, within our said county of York, by the duress of Thomas P. Tufts, of Saco, in the county of York, and is there unlawfully imprisoned

and restrained of his liberty, by the said Thomas P. Tufts; that he, the said John Gurney, may appear at our District Court, for the Western District, next to be holden at Alfred, within and for our said county of York, upon the third Monday of October, A. D. 1851, then and there in our said Court, to demand right and justice against the said Tufts, for the duress and imprisonment aforesaid, and to prosecute his replevin as the law directs; provided that the said John Gurney shall, before his deliverance, give bond to the defendant, in such sum as you shall judge reasonable, and with two sufficient sureties, with condition to appear at said Court to prosecute his replevin against the defendant, and to have his body there, to be redelivered, if thereto ordered by the Court, and to pay all such damages and costs as may be awarded against him; and if this plaintiff is delivered by you at a day before the sitting of said Court, you are to summon the defendant to appear at said Court."

Tufts, the defendant, was a constable of the town of Saco, and he avowed the taking and detaining of the plaintiff, and justified under a warrant to him directed by the Judge of the Municipal Court of that town, which warrant he was permitted to read, though objected to by the defendant.

It recited that the plaintiff had been convicted upon the complaint on oath of C. B., C. H. and S. S., all of Saco, and voters in that town, that the plaintiff had and kept spirituous and intoxicating liquors, intended for sale, deposited in the shop in said town, occupied by him, (he not having been appointed by the selectmen to sell such articles,) whereby said liquors had been forfeited to be destroyed, &c. The warrant further recited, that upon that complaint, a search warrant had been issued and committed to said Tufts for service, and that Tufts had returned the same with an indorsement thereon, certifying that he had seized certain spirituous and intoxicating liquors, and summoned John Gurney [this plaintiff,] the owner or keeper thereof, by reading to him the warrant. The warrant further recited, that said Gurney did not appear and show cause why said

liquors should not be destroyed, and why he should not be adjudged to pay a fine and costs; and that he did not appear at all, or claim said liquors; and that by the consideration of said Court, he was sentenced to pay a fine to the use of said Saco, of twenty dollars, and costs of prosecution, taxed at four dollars and ten cents, and stand committed until the same be paid; and that said liquors were declared forfeited to be destroyed, the same having been found and seized in said shop, and that said John Gurney failed to pay said fine and costs. The warrant, therefore, commanded this defendant to convey said John Gurney to the jail, and him there deliver to the keeper thereof, and to destroy said liquors. And it also commanded the keeper of the jail, to receive said Gurney into his custody in said jail, and him there to keep until he perform said sentence, or be otherwise discharged by due course of law.

Upon that warrant, the defendant made return as follows:

"YORK, ss. July 14, 1851. By virtue of this precept I have conveyed the within named John Gurney to the town of Alfred, for the purpose within named, where he was taken from my possession by Israel Chadbourne, sheriff of the county of York, on a writ of replevin, for replevying the person. Thomas P. Tufts, constable of the town of Saco."

The case was then taken from the jury and submitted to the Court, upon the stipulation, that if the action was maintainable, judgment should be rendered for the plaintiff; otherwise, that a nonsuit should be entered.

*Shepley* and *Hayes,* for the plaintiff.

*Wilkinson,* for the defendant.

APPLETON, J. — The writ of personal replevin is given by R. S., c. 142, to any one imprisoned, restrained of liberty or held in duress, for the purpose of testing the legality of such imprisonment, restraint of liberty or duress, and if proved to be illegal, the plaintiff is entitled to his discharge and to his costs.

The defendant justifies the arrest of the plaintiff, as a

constable, by virtue of a warrant issued by the Police Judge of Saco, against him, and the question is, whether such Judge had jurisdiction over the subject matter of the complaint set forth therein, and over the person of the plaintiff, or whether a want of jurisdiction in those respects, or either of them, is apparent on the face of the proceedings.

The warrant must, on its face, show the magistrate's authority to commit, for no presumptions are to be made in favor of his jurisdiction. However important it may be that an officer should be protected, it should never be forgotten that the citizen has his rights and that they are rights under the law and entitled to its protection. When an officer acts under the authority of a magistrate having jurisdiction, and that fact is disclosed on the face of his precept, he should not be held responsible for the previous omissions of such magistrate. He should not be required to ascertain or determine the validity of prior proceedings, or to look beyond the command of his precept. But if the magistrate issues precepts or orders arrests for acts not known to the law as offences; if he imposes illegal punishments, as if he commands a plain and obvious violation of the law, he can, when thus transcending the bounds of his authority, afford no more protection to an officer than could one not a magistrate. "If a warrant," says REEVE, C. J., in *Grunder* v. *Raymond*, 1 Conn. 45, "which is against law be granted, such as no justice of the peace or other magistrate, high or low, has power to issue, the justice who issues and the officer who executes it are liable in an action of trespass. When there is a want of jurisdiction over the person, as in the Marshalsea case, 10 Co. 70, or over the cause, as if a justice should try a man for murder; or over the process, as in the case ruled from Hobart, it is the same as though there was no court. It is *coram non judice*." It may be difficult in all cases to distinguish between those cases, where the, acts of an officer are justified by his precept and those in which they are not, but the distinction none the less exists.

If precepts sufficient in point of form are issued by a

court or magistrate having jurisdiction of the subject matter, the officer will be protected. *Sandford* v. *Nichols*, 13 Mass. 285. Erroneous process is the act of the Court; and when set aside, a party may justify under it. *Blanchard* v. *Goss*, 2 N. H. 491. "Those defects in the process which are *amendable*, and which do not render the process absolutely void, although apparent on its face, do not render the officer or party liable. It is only *jurisdictional* defects, and such as cannot be amended, which render the officer liable, when they are apparent on the face of the process." Per WILLARD, J., in *Dominich* v. *Easter*, 3 Barb. 17; *Harrington* v. *People*, 6 Barb. 607. In *Houlden* v. *Smith*, 14 Ad. & El., N. S., 852, PATTERSON, J., in reference to the liability of the magistrate by whom process has been issued, where he had no jurisdiction, says, "here the facts of the case which were before the defendant, and which could not be unknown to him, showed that he had not jurisdiction; and his mistaking the law as applied to these facts, cannot give *prima facie* jurisdiction or the substance of any." The warrant may have been issued without complaint or previous process; it may be defective in form and liable to abatement; it may have been fraudulently obtained, and may be void so far as regards the complainant, or the magistrate; and they may both be liable to the party injured, yet if the warrant is legal on its face, and shows an apparent jurisdiction, the officer will be protected when acting in obedience to his precept. *State* v. *Weed*, 1 Fos. 268. But when the warrant shows that the magistrate had no jurisdiction over the person, or over the offence, the officer is not obliged to make service, and in so doing he becomes a trespasser. *Pearce* v. *Atwood*, 13 Mass. 344.

The warrant of commitment under which the defendant justifies, after reciting the substance of the complaint, proceeds as follows: — "And a search warrant was issued upon said complaint on said eleventh day of July, and on said day was returned to said Court by Thomas P. Tufts, one of the constables of said town of Saco, to whom it had been

committed for service, with a return thereon, certifying that
he had seized certain spirituous and intoxicating liquors,
and forthwith summoned John Gurney, the owner or keeper
thereof, by reading the warrant to him in his presence and
hearing, and the said John Gurney did not appear and show
cause why said liquors should not be destroyed and he be
adjudged and held to pay a fine and costs, and *did not
appear or claim said liquors.* And said John Gurney, by
the consideration of said Court, is sentenced to pay a fine
to the use of said Saco of twenty dollars and costs of
prosecution, taxed at four dollars and ten cents, and stand
committed until the same be paid." The warrant further
orders the destruction of the liquors and the commitment of
Gurney to jail, and that the keeper of said jail should keep
him *"until he perform said sentence, or be otherwise dis-
charged by due course of law."* The imprisonment of the
plaintiff is required to be until he perform said sentence or
be otherwise discharged by due course of law. The magis-
trate had clearly no authority, even if he had jurisdiction of
the person, to impose any such sentence, or to commit for a
failure to comply therewith. By the Act of June 2, 1851,
c. 211, § 11, the magistrate is only authorized to sentence
the owner or keeper of liquors to *" stand committed for
thirty days in default of payment,* if in the opinion of the
Court said liquors shall have been kept or deposited for the
purposes of sale." In *Robinson* v. *Spearman,* 3 Barn. &
Cress. 493, which was an action of trespass against the
magistrate, the commitment of the plaintiff was until he
should pay the sum due and legal and accustomed fees, or
until he should otherwise be discharged by due course of
law. The magistrate, by the statute under which he acted
was empowered only to commit for three months, unless the
money be sooner paid. "I am of opinion" says ABBOTT, C.
J., "that the warrant in this case was illegal, not being such
as the justice had authority to make. It was his duty to
have pursued the words of the statute. If he had so done
it would have given the party committed the option either

of paying the money, or staying three months in prison and being thereby altogether discharged from the payment. This warrant is for his imprisonment till he shall pay the money, and deprives the party of that advantage. The difference is a most material one, and it gives the party committed a right of action against the magistrate." This decision would be directly in point, were the suit against the magistrate, instead of the officer.

The plaintiff in this case was never arrested. He was never arraigned, nor has he ever pleaded to any complaint. He has never suffered a default. No proof of his guilt has been offered, nor has any trial been had. The plaintiff has been summoned to appear before the magistrate who received the complaint, and not appearing, he has been sentenced without any trial or adjudication of his guilt. His presence is expressly negatived. No authority over the person is shown. The sentence imposed is one not authorized by the statute, and if it were, it would be in contravention of the bill of rights, which give to every citizen the right "to have a speedy, public and impartial trial." So far as the authority of the magistrate is concerned, the sentence might as legally have been to perpetual imprisonment, as in the present form. All this is apparent on the face of the process, and is thus brought home to the knowledge of the officer. In *Savacool* v. *Boughton,* it was held by MARCY, J., after a full and careful examination of the authorities, " that if a mere ministerial officer execute any process, upon the face of which it appears that the Court which issued it had not jurisdiction of the subject matter, *or of the person* against whom it is directed, such process will afford him no protection for acts done under it." The same doctrines were affirmed in *Churchill* v. *Churchill,* 12 Verm. 661.

*Defendant defaulted.*

TENNEY, J. concurred. SHEPLEY, C. J., and HOWARD, J., concurred in the result.