---
Clark *v.* Bragdon.
---

## Clark & al. *v.* Bragdon.

The list of taxes committed to a collector, with a warrant to collect the same, should contain distinctly the names of the persons against whom the taxes are assessed.

Where the list of taxes, with a warrant committed to a collector, contained this entry, with a tax against it, " William Clark, *et all*," and the collector distrained and sold a quantity of wood, the joint property of William Clark and two other persons, to pay the tax as one assessed against the three—*Held*, that the warrant as against the three was invalid upon its face ; that the distress was illegal, and that trespass would lie against the collector.

TRESPASS, for taking and carrying away a quantity of wood. The declaration was as follows :

To answer to William Clark and Amos Clark, of said Hampstead, yeomen, and John S. Lamprey, of Plaistow, in said county, yeoman, in a plea of trespass, for that the defendant, at said Hampstead, on the 1st day of January, 1855, and on divers days and times between the first day

of January aforesaid, and the day of the date hereof, with force and arms, broke and entered the plaintiffs' close and took and carried away twenty cords of wood, of the value of $100, of the goods and chattels of the plaintiffs, and converted the same, &c.

The defendant pleaded:

1. The general issue.

2. That at the annual town-meeting, holden in Hampstead, on the second Tuesday of March, 1855, he was duly elected collector of taxes, for said town, for the year then next ensuing, and was sworn, and gave bonds, as required by law, for the faithful performance of the duties of his office ; and on the twenty-seventh day of April, 1855, had committed to him, by the selectmen of Hampstead, a list of taxes duly assessed by the selectmen for that year, under their hands, with a warrant under their hands and seals, directed to him as such collector, directing him to levy and collect of the several persons named in said list, the taxes in said list, set against their names respectively.

3. That on the first day of April, 1855, the plaintiffs were the owners of the close mentioned in the declaration, and of a quantity of wood lying thereon, and the selectmen, in said month of April, taxed the plaintiffs for said land and wood, the sum of twenty dollars and sixty-three cents, which tax was contained in the list aforesaid, and set down therein to the plaintiffs by the name of William Clark *et all.*, and the defendant, having the list, duly notified the plaintiffs of the taxes assessed against them as aforesaid, and the plaintiffs having neglected for more than fourteen days after such notification to pay the tax, and said William Clark, having charge of said close in the declaration mentioned, and the wood lying thereon, and, acting for himself and said Amos Clark and John S. Lamprey, having shown the defendant the wood whereon to make distress, the defendant entered upon the close, and distrained upon a quantity of the plaintiffs' said wood, to

wit : ten cords and seven feet of hard wood, and fourteen cords and one half foot of pine wood, to satisfy said tax.

The plea then sets forth the sale of the wood, and that the taking and selling was the trespass complained of.

There was also a third plea substantially the same as the second. Also several replications and demurrers, which are not necessary to be stated.

The court below gave judgment for the plaintiffs, upon the demurrers, and the defendant filed his bill of exceptions.

*Wood,* for the plaintiffs.

*Marston,* for the defendant.

EASTMAN, J. According to the view which the court have taken of this case, it becomes unnecessary to examine but one of the several questions presented by the pleadings.

The wood distrained to pay the tax was the property of the plaintiffs. The list of taxes accompanying the warrant, and without which the warrant was void, did not contain their names, but only the name of William Clark. Can such a precept be any defence to an action of trespass for taking the joint property of the three plaintiffs?

The entry upon the list which the defendant sets forth in his plea as that under which he took the property, is "William Clark *et all.*" The names of Amos Clark and John S. Lamprey are not to be found upon the list, nor is there any description of them, either in the warrant or on the list; and unless we can construe the words or letters "*et all,*" as meaning Amos Cark and John S. Lamprey, and as a sufficient insertion of their names upon the list, the defendant had no warrant to collect any tax of them.

The warrant directed the collector, for want of property on which to make distress, to take the body of any one

who should neglect or refuse to pay the tax, and the defendant had as much power, so far as the warrant gave it, to arrest Lamprey and Amos Clark, as to take their property.

To justify an arrest, the name of the party to be apprehended must be accurately stated and inserted in the warrant before it is delivered to the officer. 2 Hale 114 ; Foster 312 ; 1 Chitty's Cr. Law 39 ; *State* v. *Weed*, 21 N. H. (1 Foster) 368. If the name of the person to be arrested is unknown, the warrant may be issued against him by the best description the nature of the case will allow. 1 Hale 577 ; 1 Chitty's Cr. Law 40. But the description must be sensible and intelligible. Thus a warrant directing the "associates" of persons named to be arrested, without mentioning the names of such associates, has been held to be illegal and void as to them. *Wells* v. *Jackson*, 3 Munford 4 %. And the arrest of a member of a corporation, on an execution against the president, directors and company of the corporation, though the execution direct the officer, for want of corporate property, to take their bodies, is a trespass. *Nichols* v. *Thompson*, 4 Mass. 232. Such precept, says *Parsons*, C. J., is absurd and impracticable.

A general and uncertain description is not sufficient to justify an arrest. *Sanford* v. *Nichols & al.*, 13 Mass. 289 ; *Grumond* v. *Raymond*, 1 Conn. 40.

In *Van Rensselaer* v. *Witbeck*, 3 Selden (N. Y.) 517, it was held that the assessment roll, annexed to the warrant of the collector, being defective on its face, was no protection to the officer.

The description of the plaintiffs, on the list in this case, was entirely insufficient, and the warrant was consequently illegal and void as to them. " *Et all*" may as well mean any other persons residing in Hampstead as John S. Lamprey and Amos Clark. Used as it was, it was unintelligible ; it gave no description whatever of the plaintiffs, and no au-

thority to take their property; and the warrant afforded no protection to the defendant.

Where a warrant is in due and legal form and regular upon its face, the collector will be protected, notwithstanding any irregularity or illegality committed by the selectmen or town in assessing or voting the taxes, or issuing the warrant. Rev. Stat., chap. 45, sec. 16 ; *State* v. *Weed,* 21 N. H. (1 Foster) 262; *Gordon* v. *Clifford,* 28 N. H. (8 Foster) 402, 417. But where the defect is patent, and the warrant upon inspection shows that it lacks the legal requisites to make it valid, it is no protection. It is in fact no warrant. *Gordon* v. *Clifford,* 28 N. H. (8 Foster) 418 ; *Van Rensselaer* v. *Witbeck,* 3 Selden 517 ; *Sanford* v. *Nichols,* 13 Mass. 289 ; *Griswold* v. *Sedgwick,* 6 Cowen 456 ; *Gurney* v. *Tufts,* 37 Maine 130.

We infer from the pleadings that the assessment of this tax was equally as invalid as the warrant ; the assessment being made to " William Clark *et all.*"

The tax was attempted to be assessed upon certain real estate of the plaintiffs, and upon a quantity of wood belonging to them.

The statute of 1850 provides that all wood shall be taxed to the owner or owners thereof if they are known. Comp. Stat., chap. 42, sec. 8. And when they are known, as appears to have been the fact here, the tax must be assessed to them ; otherwise it will be defective. *Ainsworth* v. *Dean,* 21 N. H. (1 Foster) 401 ; *Cardigan* v. *Paige,* 6 N. H. 192; *Green* v. *Craft,* 28 Miss. 70.

And all real property must be taxed to the person claiming the same, or to the person in the possession and actual occupancy thereof, provided such person will consent. Rev. Stat., chap. 40, sec. 7.

These provisions of the statute are very explicit, and would seem to place the defendant's case beyond remedy. But it is unnecessary to examine this point, as the pleas show a fatal defect in the warrant.

The exceptions to the judgment of the court below must be overruled, and the judgment for the plaintiffs upon the demurrers affirmed.