## Chauncey Murphy v. William Walters.

*Criminal complaints: False imprisonment.* One who in making a criminal complaint merely states the facts and circumstances to the prosecuting attorney and swears to the complaint drawn by the latter embodying such facts, is not liable in an action for false imprisonment, though the facts sworn to fail to make out a criminal offense.

*Criminal proceedings: Public matters: Private interference: Presumptions.* All criminal proceedings being on behalf of the people, there is no legal presumption of any personal interference by private persons beyond what is made to appear.

*Criminal complaints: Statement of facts: False imprisonment.* In criminal proceedings one who simply lays facts before a magistrate and leaves all determination to the unbiased and unsolicited conduct of that officer, is, not liable in trespass for false imprisonment unless he takes some part in furthering the arrest or urging the detention of the accused.

*Heard April 20.     Decided June 6.*

Error to Ingham Circuit.

*Dart & Shields,* for plaintiff in error.

*Edward Cahill,* for defendant in error.

CAMPBELL, J:

Walters sued Murphy for a wrongful arrest on void process, and obtained a judgment below, which is removed into this court by writ of error. The errors assigned arise upon the rulings on trial.

Murphy complained before a magistrate that Walters had procured one Snyder to vote for a moderator at a school district meeting, the latter not being a voter and Walters knowing that fact. Upon Murphy's affidavit and complaint a criminal warrant issued setting forth the same form of charge contained in the complaint, on which Walters was arrested, examined, and finally discharged. The declaration included counts for malicious prosecution and false imprisonment, but the case went to the jury on the theory of false imprisonment.

There was evidence in the case which the jury were at liberty to believe, that Murphy expressed to the person representing the prosecuting attorney that he did not wish to commence any complaint unless Walters was liable, and that upon being advised of such liability he signed the complaint drawn up by that person and swore to it before the justice, with whom it was left until, some weeks afterwards, the warrant was issued and Walters was arrested without any further intervention by Murphy except as a witness.

The only important question in the cause arises upon the refusal of the circuit judge to charge as requested by the plaintiff in error, that if the warrant was void and the arrest illegal, still if the jury should find "that the defendant merely stated the facts and circumstances of which he complained to George G. Lapham, an attorney at law and acting prosecuting attorney for this county, and that such statement was reduced to writing by said attorney and sworn to by said defendant Murphy, and that on such complaint, and at the request of said attorney (Lapham) the warrant was made by the justice, the defendant is not liable in this action for false imprisonment."

This request assumes that Lapham, in what he did, was looked upon by Murphy as in no sense his attorney, but as representing the public prosecutor, and that whatever Murphy did was in subordination to his advice and guidance, and submitted to the justice for his official action without any urgency or request of Murphy as to any future proceedings except such as the magistrate should approve.

As all criminal proceedings are on behalf of the people, there is no legal presumption of any personal interference by private persons beyond what is made to appear from the record or otherwise. In private actions the proceedings are usually chargeable to the parties and their agents. The same principle would indicate that public proceedings are referrable to the public agents who intervene, and not to those who are passive witnesses and not moving parties.

It seems to be considered that in criminal proceedings a

person who simply lays facts before a magistrate, and leaves all further action to the unbiased and unsolicited conduct of the latter is not liable in trespass for false imprisonment, unless he takes some part in furthering the arrest, or urging the detention. The distinctions are pointed out in *Lock v. Ashton, 12 Q. B., 871,* where a person who was held liable for a preliminary arrest without process, was held not liable for a remand made by the magistrate on his own judgment.—See also *Hopkins v. Crowe, 7 C. & P., 373; Brown v. Chapman, 6 M. G. & S., 365; West v. Smallwood, 3 M. & W., 418; Barber v. Rollinson, 1 Cr. & M., 330.* The distinction between active interference and mere submission to the judgment of courts and officers is somewhat discussed in *Green v. Elgie, 5 Q. B., 99,* and *Carratt v. Morley, 1 Q. B., 18; Auslin v. Dowling, L. R., 5 C. P., 534.*

The charge which was requested and refused, excluded the idea of any personal intervention by Murphy as in any sense an active mover or party, and assumed all that was done to have been really done by Lapham or the magistrate. Murphy's liability on that theory could not be maintained for false imprisonment, but only for malicious prosecution, in case malice existed.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.