# OCTOBER TERM, 1892.*

WILLIAM R. JOHNSON v. ROBERT MORTON AND THE MORTON BAKING COMPANY.

*Capias ad respondendum—Validity of writ—Order to hold to bail —Jurisdiction of court—False imprisonment.*

1. An order to hold to bail, granted by a circuit judge upon an affidavit setting forth facts indicating fraud or breach of trust, protects the party making the affidavit and applying for the issuance of the *capias*, when no malice or want of probable cause is averred or shown.

2. When an application is made to a circuit judge to hold to bail, it is his duty to hear and investigate; and if the affidavit sets up facts and circumstances tending to show fraud or breach of trust, thus bringing the case within the exceptions of the Constitution, authority to act depends upon the facts, and the determination of the judge has all of the qualities of a judicial decision, and as such protects the judge, the officer, and the party.

Error to Wayne. (Reilly, J.) Argued October 13, 1892. Decided December 3, 1892.

Trespass. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Elbridge F. Bacon* (*Brennan & Donnelly,* of counsel), for appellant, contended:

1. The jurisdiction of the circuit judge to act in the premises is special and limited, regulated by, and entirely dependent upon, the statute, and, if the case presented by the affidavit does not come within all the requisites prescribed by the statute, he has

---

*Continued from Vol. 93.

no jurisdiction, and his action is *coram non judice;* citing *Chandler v. Nash,* 5 Mich. 409; *Elliott v. Dudley,* 8 Id. 62; *Osborne v. Robbins,* 10 Id. 277; *Perkin v. Proctor,* 2 Wils. 382; *Broadhead v. McConnell,* 3 Barb. 175; *Staples v. Fairchild,* 3 N. Y. 41; *Taylor v. Moffatt,* 2 Blackf. 305

2. The circuit judge at chambers is not invested with the powers of the circuit court, and the presumptions which apply to the judgments of a court of general jurisdiction do not apply to his acts, but his powers are limited and special, being the same in this case as those of a circuit court commissioner, and his jurisdiction must affirmatively appear; citing *Railway Co. v. Dunlap,* 47 Mich. 456; *Risser v. Hoyt,* 53 Id. 185; *Rowe v. Kellogg,* 54 Id. 206; *Taylor v. Moffatt,* 2 Blackf. 305.

3. The circuit judge having, under the statute, power to make the order holding to bail only upon the filing of an affidavit showing certain facts, unless an affidavit is filed which complies with all the statutory requirements, the judge acquires no jurisdiction to act, and his order admitting to bail is void; and the fact that he assumes to act, or decides he has jurisdiction, cannot render his acts valid; citing *Johnson v. Maxon,* 23 Mich. 136; *In re Smith,* 16 Ill. 347 *Forbes v. Hyde,* 31 Cal. 342; *Miller v. Brinkerhoff,* 4 Denio, 118; *Staples v. Fairchild,* 3 N. Y. 41; *Broadhead v. McConnell,* 3 Barb. 175; *Vredenburgh v. Hendricks,* 17 Id. 179; *Perkin v. Proctor,* 2 Wils. 382.

4. The affidavit required by the statute to authorize the arrest of a party must state facts such as in law tend to make out a case in all its parts; citing *Brown v. Kelley,* 20 Mich. 27; *DeLong v. Briggs,* 47 Id. 624; *Meddaugh v. Williams,* 48 Id. 172.

5. The application for a *mandamus* was a collateral attack upon the proceedings to hold to bail, and if the circuit judge had jurisdiction to make the order the *mandamus* could not have been granted, and, as it was granted, it is an adjudication upon that question, and is conclusive upon the parties in this case; citing *Josselyn v. McAllister,* 22 Mich. 300; *Vredenburgh v. Hendricks,* 17 Barb. 179.

6. But, assuming that it is still an open question, the affidavit was insufficient to authorize the issuing of the *capias,* or to give the judge jurisdiction to make the order holding the plaintiff to bail, for the following reasons:

    *a*—It appears from the affidavit that whatever money came into plaintiff's hands belonging to the defendants was lawfully in his possession, and there are no allegations in the affidavit that any demand was made on plaintiff for any money in his hands, or that he ever refused to pay over any money in his

hands, belonging to defendants, and without such demand and refusal there could be no conversion by plaintiff; citing *People v. McAllister*, 19 Mich. 215; *Proctor v. Prout*, 17 Id. 473; *Brown v. Kelley*, 20 Id. 27; *Hackett v. Circuit Judge*, 36 Id. 335.

*b*—It does not appear from the affidavit that the facts stated therein are within the knowledge of the affiant, but, on the other hand, it affirmatively appears that the affiant's statements are founded on hearsay,—mere statements made by other parties to him; citing *Proctor v. Prout*, 17 Mich. 473; *Badger v. Reade*, 39 Id. 774; *Sheridan v. Briggs*, 53 Id. 569; *Stensrud v Delamater*, 56 Id. 144; *Luton v. Palmer*, 70 Id. 152.

*c*—Because there are no specific statements of amounts plaintiff received from any person or all persons. It simply states that he has received large sums of money. This would be bad as a declaration, and much more so as proof. There is nothing stated in the affidavit which would support an indictment for perjury if the affidavit is untrue, and this is the proper measure of the sufficiency of the affidavit; citing *Benson v. Bennett*, 25 N. J. Law, 166; *Imlay v. Ellefsen*, 2 East, 453; *Omealy v. Newell*, 8 Id. 364.

7. The affidavit being insufficient, the judge acquired no jurisdiction to make the order to hold to bail, and the order, and all proceedings had thereunder, are void, and afford no justification to the defendants in this action, but they are liable to plaintiff for false imprisonment on account of the arrest under such process; citing *Stensrud v. Delamater*, 56 Mich. 144; *Smith v. Bouchier*, 2 Str. 993; *Spice v. Steinruck*, 14 Ohio St. 213; *Eggington v. Lichfield*, 5 El. & B. 100; *Parsons v. Loyd*, 3 Wils. 341; *Dynes v. Hoover*, 20 How. 65; *Mosher v. People*, 5 Barb. 575; *Vredenburgh v. Hendricks*, 17 Id. 179; *Curry v. Pringle*, 11 Johns. 444; *Loder v. Phelps*, 13 Wend. 46; *Kerr v. Mount*, 28 N. Y. 659; *Miller v. Adams*, 52 Id. 409; *In re Bradner*, 87 Id. 171; *Gorton v. Frizzell*, 20 Ill. 291; *Johnson v. VonKettler*, 66 Id. 63; *Hauss v. Kohlar*, 25 Kan. 640; *Painter v. Ives*, 4 Neb. 122; *Fenelon v. Butts*, 53 Wis. 344; *Cody v. Adams*, 7 Gray, 59; *Boeger v. Langenberg*, 97 Mo. 390.

8. Even if the order to hold to bail were voidable only, and not void, and would be a protection to the parties acting under it until it was set aside, when set aside it ceased to be a protection for acts done under it while in force; citing *Perkin v. Proctor*, 2 Wils. 382; *Parsons v. Loyd*, 3 Id. 345; *Barker v. Braham*, Id. 368; *Woodcock v. Bennet*, 1 Cow. 711; *Day v. Bach*, 87 N. Y. 56; *Chapman v. Dyett*, 11 Wend. 31.

*Atkinson & Carpenter,* for defendants.

McGRATH, C. J.    Plaintiff was arrested upon a *capias*. He moved to vacate the order to hold to bail and quash the writ on the ground that the affidavit was insufficient. The motion was denied, but, upon application to this Court, a *mandamus* was issued, directing that the writ be vacated and the proceedings quashed. Plaintiff now brings trespass for false imprisonment, and the sole question is whether the order to hold to bail, granted by the circuit judge, protects the party making the affidavit and applying for the issuance of the writ, when no malice or lack of probable cause is averred or shown.

Section 7302 of our statute provides that certain actions named, arising upon contract, may be commenced by *capias*, when the plaintiff, or some one in his behalf, shall make and attach to the writ an affidavit stating certain facts.    Section 7304 provides that "personal actions may be commenced by *capias ad respondendum* in cases of claims for damages, other than those arising upon contract, express or implied, where an order for bail shall be indorsed on the writ by a judge of the court from which the writ issues or a circuit court commissioner;" and section 7305 provides that "such order shall be made only upon the affidavit of the plaintiff, or some person in his behalf, showing the nature of the plaintiff's claim." Under sections 7304 and 7305, the plaintiff is required simply to set forth the nature of his claim, and the judge or circuit court commissioner judicially determines whether the case made comes within the exceptions named in the Constitution, and whether it will warrant the indorsement and issuance of the writ.    The statute expressly confers upon the judge or circuit court commissioner authority to act, and power to determine the question.

The judge to whom application was made for the order had ample power to entertain the application, and, upon the proper affidavit, to indorse the order.    An affidavit

was presented in which defendant here set forth, in substance, that plaintiff here was employed as agent of affiant to sell goods and make collections; that as such agent he had collected sums of money which he had not accounted for; that he had falsely and fraudulently pretended that he had accounted for all moneys received by him; that settlements had been made with said agent upon the faith of his representations; that he had not accounted for all moneys collected; that he had collected large sums of money, and fraudulently kept back and concealed the same, and converted the same to his own use, intending to cheat and defraud his employer, and to embezzle the same; that affiant obtained his knowledge that moneys had been collected and not accounted for by comparison of the statement of moneys collected, made by said agent, with the statements made by customers; that it also appeared, by many receipts given by said agent to customers, that large sums of money had been collected by said agent that said agent had not accounted for; that it also appeared, by admissions made by said agent to affiant, that many accounts had been collected by said agent that he had not reported or accounted for.    It is evident that this affidavit lacks in detail and in certainty, and for that reason it is insufficient; but it cannot be said that it sets forth no facts or circumstances indicating fraud or breach of trust. It is true that this Court, by a *mandamus*, directed the circuit court to quash the proceedings; but that was a proceeding in the nature of a review of the action of the court below, and there has been no adjudication by this Court that the proceedings were absolutely void.   As is said in *Miller v. Brinkerhoff*, 4 Denio, 118, 120:

   "When certain facts are to be proved to a court of special and limited jurisdiction as a ground for issuing process, if there be a total defect of evidence as to any essential fact, the process will be declared void in whatever form the question may arise.  *  *  *  But when the proof has

a legal tendency to make out a proper case, in all its parts, for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid until it is set aside by a direct proceeding for that purpose. In one case the court acts without authority; in the other, it only errs in judgment upon a question properly before it for adjudication. In one case, there is a defect of jurisdiction; in the other, there is only an error of judgment. Want of jurisdiction makes the act void; but a mistake concerning the just weight and importance of evidence only makes the act erroneous, and it will stand good until reversed." *Staples v. Fairchild,* 3 N. Y. 41; *Spice v. Steinruck,* 14 Ohio St. 213; *Taylor v. Moffatt,* 2 Blackf. 305; *Hauss v. Kohlar,* 25 Kan. 640; *Forbes v. Hyde,* 31 Cal. 342; *Benson v. Bennett,* 25 N. J. Law, 166; *Harman v. Brotherson,* 1 Denio, 537; *In re Faulkner,* 4 Hill, 602; *Mills v. Collett,* 6 Bing. 85; *Brittain v. Kinnaird,* 1 Brod. & B. 432; *Stewart v. Hawley,* 21 Wend. 552; *Tompkins v. Sands,* 8 Id. 462; *Easton v. Calendar,*, 11 Id. 90; *People v. Collins,* 19 Id. 56.

Mr. Cooley, in his work on Torts (2d ed. p. 548), lays down the rule—

"That, if the jurisdiction depends upon the facts, and these are presented to a court having general jurisdiction of that class of cases, and the court decides that it has authority to act, and proceeds to do so, this decision protects, not the officer merely, but the party also."

When an application is made to a judge to hold to bail, it is his duty to hear and investigate; and if the affidavit sets up facts and circumstances tending to show fraud or breach of trust, thus bringing the case within the exceptions of the Constitution, authority to act depends upon the facts, and the determination of the judge must be held to have all the qualities of a judicial decision, and as such protects the judge, the officer, and the party.

The judgment, which was for defendants, will therefore be affirmed,

The other Justices concurred.