THOMAS v. ROSECRANTZ.

FALSE IMPRISONMENT—PROCESS—AFFIDAVIT—CAPIAS AD RESPONDENDUM.

> Where the son of plaintiff, in a negligence case for the killing of two horses, made an affidavit for a *capias ad respondendum*, under 3 Comp. Laws, § 9999 (re-enacted, Judicature Act, 3 Comp. Laws 1915, § 12416), which was found to be technically defective, but set up facts showing a sufficient cause of action, and where the defendant afterwards brought an action for false imprisonment, the writ was a good defense, the affiant having and showing personal knowledge of the facts, though failing to allege the ownership of the team.

Error to Calhoun; North, J.  Submitted June 14, 1916.  (Docket No. 90.)  Decided September 27, 1916.

Case by Emmerson E. Thomas against Ralph Rosecrantz and Erva J. Mallory for false imprisonment. Judgment for defendants on a directed verdict. Plaintiff brings error.  Affirmed.

*James M. Powers,* for appellant.

*Robert H. Kirschman, Clyde Cortright,* and *A. F. Cooper,* for appellees.

STEERE, J.  Plaintiff brought this action to recover damages for false imprisonment from defendants whom he charges as responsible for his unlawful arrest on October 29, 1915, at the city of Battle Creek, on a defective writ of *capias ad respondendum* issued out of and under the seal of the circuit court of Calhoun county, in an action for tort commenced against him by one Ransom W. Rosecrantz.  Before said writ issued the circuit judge of Calhoun county indorsed an order that defendant Thomas, plaintiff herein, be

held to bail in the sum of $500. Attached to the writ was an affidavit made by defendant Ralph Rosecrantz as agent for said Ransom W. Rosecrantz. Defendant Mallory was sheriff of Calhoun county and served the writ.

On November 12, 1915, Thomas moved the circuit court of Calhoun county for an order quashing the writ and discharging him from custody, on the ground that the affidavit upon which the order to hold to bail was made was not sufficient. The motion was argued and granted upon the same day it was made and Thomas was discharged from custody, but the case against him was allowed to proceed under the summons clause of the writ. Following his discharge from custody Thomas commenced this action for false imprisonment against defendant Ralph Rosecrantz, who made the affidavit, and defendant Mallory, the sheriff who arrested him. Defendants pleaded the general issue and gave notice of justification under the writ.

The case was brought on to be heard March 22, 1916, and after the testimony of plaintiff had been taken in part, it being conceded that the capias and affidavit in question were the only authority under which defendants sought to justify, it was agreed that the case should be first submitted to the court upon these legal questions, reserving the right to take further testimony if the question of damages was reached. After argument upon the questions submitted, counsel for defendant asked for a directed verdict of no cause of action, and plaintiff's counsel for a directed verdict in his favor, and that the question of damages be submitted to the jury.

The view and reasons of the trial court in holding that the process, though defective, afforded protection from liability for false imprisonment is thus concisely stated in its charge directing a verdict for defendants:

"While there was a technical defect in the affidavit upon which the writ of capias was issued, still the process of the court was sufficiently regular in my judgment to protect the sheriff and also to protect the other defendant who made the affidavit and at whose instance the writ was issued. As soon as the defect in the process was called to the attention of the court the defendant was released from custody. The subject-matter of that suit in my judgment was one over which the court had jurisdiction; it was a proper suit and a proper situation in which to apply for a writ of capias and to cause the same to be issued and served as the commencement of suit, and the fact that it was subsequently made to appear to the court that the affidavit upon which the capias was issued was technically defective would not render the party who applied for the writ or the sheriff who executed the writ liable for damages in such a suit as is now pending in this court."

The subject-matter of that suit (*Rosecrantz* **v.** *Thomas*), as appears in the affidavit found by the court technically defective, is in brief that on October 23, 1915, while operating his automobile along a public highway of the county at night, without sufficient lights or sounding any warning of his approach, Thomas ran into affiant (Ralph Rosecrantz), who was lawfully traveling with a team and wagon along and on the proper side of the highway, throwing him from the wagon and frightening the horses he was driving so that they became unmanageable and broke away from him, running to and upon the right of way of the Michigan Traction Company, where both were killed by coming in contact with its electric rail, by reason of which "said plaintiff has a claim for damages against the defendant named in the annexed writ," etc. While deposing that he was agent of said Ransom W. Rosecrantz, plaintiff, in whose behalf he made the affidavit, and that he had personal knowledge of the facts and circumstances, affiant refrained from

disclosing, unless by inference, that said plaintiff in whose behalf he made the affidavit owned or had any interest in the horses whose death was imputed to the tort of Thomas.

The exact grounds upon which the trial court held this affidavit insufficient are not shown, but those stated in Thomas' motion to quash the writ and discharge him from custody are that "no sufficient facts are set forth in the affidavit annexed to said writ, to authorize the issuing of said writ, and the arrest and holding to bail of said defendant"; that it does not "set forth any facts or circumstances showing, or tending to show, that the said plaintiff suffered any damage or injury whatever to his person or property by reason of the acts complained of as set forth in said affidavit," nor "the nature of the plaintiff's claim for damages." While the affidavit is rather meager in detail and inartistically framed, the facts set out are upon personal knowledge, and in outline disclose actionable misconduct on the part of Thomas with a perhaps too remote inference that Ransom W. Rosecrantz was the victim. So far as facts were stated, it presented a situation, as stated by the trial court, indicating a cause of action proper to be commenced by capias. It was found "technically defective," and the writ, upon Thomas' application, was quashed, as a warrant, releasing him from arrest, but not free from liability in the action, which was allowed to stand under the summons clause. In that action the court had, and retained, jurisdiction of both the person and subject-matter.

It is contended in behalf of plaintiff that the affidavit annexed to the writ under which he was arrested gave the circuit judge no jurisdiction to indorse the order to hold to bail, that the order being beyond his jurisdiction the writ was invalid and void, furnished no protection to any one causing or participating in the arrest, therefore defendant's liability for falsely

imprisoning him inevitably follows as a matter of law, and the court should have so instructed the jury.

Although various other authorities are cited in support of this contention, it is said and particularly urged in plaintiff's brief that this case is controlled by the decision of this court in *Wachsmuth* v. *Bank,* 96 Mich. 426 (56 N. W. 9, 21 L. R. A. 278). While it is contended for defendants that the well-recognized distinction between the special and limited jurisdiction of a justice or commissioner and that of a judge of a court of general jurisdiction renders the *Wachsmuth Case* and others of like import in which the warrant emanated from an officer of limited or special jurisdiction inapplicable here; and that, on the other hand, *Johnson* v. *Morton,* 94 Mich. 1 (53 N. W. 816), in which the capias was authorized by a circuit judge, applies and is controlling.

Section 9998, 3 Comp. Laws (3 Comp. Laws 1915, § 12415), authorizes commencement by capias of personal actions not arising out of contract relations, where an order for bail, directing the amount, is indorsed on the writ "by a judge of the court from which the writ issues, or a circuit court commissioner." Section 9999 (3 Comp. Laws 1915, § 12416) provides:

"Such order shall be made only upon the affidavit of the plaintiff, or some person in his behalf, showing the nature of the plaintiff's claim, and such affidavit shall be annexed to, and returned and filed with the writ, and the defendant shall be held to bail in the amount specified in such order; and the court into which such writ is returnable may, on motion of either party, diminish or increase the amount for which bail shall be so ordered."

In the *Wachsmuth Case, supra,* affirming a judgment for false imprisonment, it is pointed out that the order to hold to bail in the sum of $2,000 was indorsed by a

circuit court commissioner on an affidavit which on its face affirmatively showed no right of action. Of this the court said:

"The officer indorsing the order was one of special and limited jurisdiction. * * * So far from setting forth any facts and circumstances tending to show grounds for granting the order, the affidavit expressly negatived any liability whatever to the plaintiff. The defect was therefore jurisdictional, and the order was absolutely void," etc.

In the *Johnson Case, supra,* also an action for false imprisonment, plaintiff had been arrested upon a writ of capias, indorsed by the circuit judge with an order to hold to bail, and a motion to quash the writ on the ground that the affidavit was insufficient was denied, but on application to this court a mandamus was issued directing that the writ be vacated and the proceedings quashed, following which plaintiff brought an action of trespass for false imprisonment against the party making the affidavit. It was held, even though the writ had been vacated and proceedings quashed, the order to hold to bail made by the circuit judge protected the party applying for the writ. Of the affidavit this court said (speaking through Chief Justice MCGRATH, who also wrote the opinion in the *Wachsmuth Case*):

"It is evident that this affidavit lacks in detail and in certainty, and for that reason it is insufficient; but it cannot be said that it sets forth no facts or circumstances indicating fraud or breach of trust,"—

which was the tort charged.

Holding that the affidavit had a legal tendency to make out a case inasmuch as the facts and circumstances indicated fraud and breach of trust, the court said in conclusion:

"The determination of the judge must be held to have all the qualities of a judicial decision, and as such protects the judge, the officer, and the party."

Even under the test of limited and special jurisdiction contended for by plaintiff, the affidavit complained of here, as before pointed out, stated the essentials of a tort action, to the personal knowledge of affiant who deposed that he acted as agent of plaintiff, who by reason of said tort had a claim against the tort-feasor for the described misconduct. Even though slight and inconclusive it cannot be said that there was such a total absence of evidence upon the fact that the judge who indorsed the order, from whose court the writ must issue, and was vested with a degree, at least, of discretionary power, might not from the affidavit considered in its entirety draw a reasonable and legitimate inference that plaintiff owned or was interested in the property shown to have been injured by the stated tort, even though in a direct proceeding to set aside the capias the affidavit was of such scant weight, uncertain and lacking in details as to render the order allowing an arrest erroneous.

"In stating the cause of action, the affidavit will be sufficient if it disclose in clear and intelligible language the circumstances which gave rise to the subject of complaint with sufficient distinctness to enable the judge, in the exercise of his discretion, to collect from it that the plaintiff has been damnified, and in such a manner that if untruly stated the deponent may be indicted for perjury, although the affidavit might have been framed in more formal terms." *Bennett* v. *Benson*, 25 N. J. Law, 166.

In *Forbes* v. *Hyde*, 31 Cal. 342, discussing the question of want of jurisdiction by reason of defective affidavit, the court said:

"There is a marked distinction between an affidavit which presents some evidence on the vital point, but clearly of a character too unsatisfactory to justify an order for publication of summons based upon it, and an affidavit which presents no evidence at all tending to prove the essential fact. In the former case the judge might be satisfied upon very slender and in-

conclusive testimony; but there being some appreciable evidence of a legal character, which calls into action the judgment of the judge, he has jurisdiction to consider and pass upon it."

But beyond this, we are unable to discover that the doctrine announced by this court in the early case of *Ward* v. *Cozzens*, 3 Mich. 252, has ever been directly questioned or overruled in subsequent decisions. Plaintiff there brought an action for false imprisonment against defendant for causing his arrest upon a capias claimed void owing to insufficiency of the affidavit on which the order allowing it to issue was based. The order was made by a judge of the United States Circuit Court for the District of Michigan. Of such courts it was said that they—

"are courts of limited but not inferior jurisdiction. Their limitation applies to the persons of the parties and the subject-matter of the action. When, therefore, these come within their jurisdiction, they stand upon the same footing of all other superior courts of general common-law jurisdiction. * * * A *capias ad respondendum* is a process of that court. But it is insisted that the affidavit did not disclose such a state of facts as authorized the making of the order. If that be so, the judge erred. It was a matter submitted to his judgment, he acted upon it, and made the order."

In concluding the opinion the following general rule was stated:

"All the authorities are very clear, that a judge of a court of record cannot be held responsible for any acts done by him in his official capacity, and they are equally clear, that in no instance can his orders, judgments, or decrees be treated as nullities" (citing numerous cases to which others might now be added). "The foregoing authorities establish this proposition, that in all cases where the parties act within the power and scope of an order of the superior court, without reference to their jurisdiction, and of an inferior court, when having jurisdiction, they are protected. The

same immunities that are extended to the members of the respective courts are extended to the parties."

For the foregoing reasons the judgment of the trial court is affirmed.

MOORE, BROOKE, and PERSON, JJ., concurred with STEERE, J.

STONE, C. J., and KUHN, OSTRANDER, and BIRD, JJ., concurred in the result.