CRAWFORD v. HUBER.

1. FALSE IMPRISONMENT — MALICIOUS PROSECUTION — DEFENSES — STATEMENT OF FACTS TO COUNSEL.

In an action for malicious prosecution and false imprisonment, the trial court correctly held that defendant constable, having in good faith fully and fairly stated all of the material facts within his knowledge to the prosecuting attorney, and having acted solely on his advice, could not be held liable for his act in instituting the proceedings.

2. CRIMINAL LAW—VIOLATION OF SUNDAY LAW—MISDEMEANOR—CIVIL ACTION.

Conducting a dance hall on Sunday in violation of 2 Comp. Laws 1915, § 7764, is not a misdemeanor, and the penalty provided therefor may be collected only on civil action, and may not be prosecuted by criminal process.

3. FALSE IMPRISONMENT—ILLEGAL ARREST—WARRANT FAIR ON FACE—DEFENSES.

The justice of the peace having no jurisdiction to issue the warrant under which plaintiff was arrested for a violation of 2 Comp. Laws 1915, § 7764, the warrant was not fair on its face, and defendant in making the arrest was not protected thereby; but advice of counsel and good faith may be shown in mitigation of punitive damages.

4. JUSTICES OF THE PEACE—JURISDICTION—PROCESS—JUDICIAL ACT.

Where the authority exists in a justice of the peace to issue a warrant his determination that sufficient facts have been made to appear to justify its issuance is a judicial act.

Error to Calhoun; North (Walter H.), J. Submitted June 7, 1921. (Docket No. 3.) Decided October 3, 1921.

Case by Charles Crawford against William Huber and others for malicious prosecution, false imprison-

For authorities discussing the question as to whether advice of counsel is defense to action for malicious prosecution, see notes in 18 L. R. A. (N. S.) 49; 39 L. R. A. (N. S.) 207.

On what amusements are prohibited by Sunday laws, see notes in 30 L. R. A. (N. S.) 465; L. R. A. 1918B, 361.

ment and abuse of criminal process.    Judgment for defendants.    Plaintiff brings error.    Reversed.

*Howard W. Cavanagh (James M. Powers,* of counsel), for appellant.

*James Cleary* and *Joseph L. Hooper,* for appellees.

FELLOWS, J.    Plaintiff conducted a dance hall at Goguac lake in Battle Creek township near Battle Creek.    Defendant Huber was a constable of that township.    The other defendants are his bondsmen. Plaintiff conducted his dance hall on Sunday and was arrested for violating section 7764, 2 Comp. Laws 1915. The complaint was drawn by the prosecuting attorney and defendant Huber acted upon his advice.    The complaint was sworn to by Mr. Huber and the warrant was served by him.    Plaintiff was subsequently discharged and brings this action counting on malicious prosecution, false imprisonment and abuse of criminal process.    In the final disposition of the case the trial court held that there was no evidence of abuse of process, that defendant having acted under the advice of the prosecuting attorney after a full statement of all the facts he could not be held either for malicious prosecution or false imprisonment for what he did in instituting the proceedings, and that the writ was fair on its face and protected him as an officer in making the arrest.    There was no testimony of an abuse of process.    The court correctly held that defendant having in good faith fully and fairly stated all the material facts within his knowledge to the prosecuting attorney, and having acted solely on his advice, could not be held for his act in instituting the proceedings under either the count for malicious prosecution or false imprisonment.    *Murphy* v. *Walters,* 34 Mich. 180; *Smith* v. *Tolan,* 158 Mich. 89; *Rogers* v. *Olds,* 117 Mich. 368; *Wakely* v. *Johnson,* 115 Mich. 285;

*Huntington* v. *Gault,* 81 Mich. 144; *Thomas* v. *Bush,* 200 Mich. 224.

In *Murphy* v. *Walters, supra,* it was said by this court, speaking through Mr. Justice CAMPBELL:

"It seems to be considered that in criminal proceedings a person who simply lays facts before a magistrate, and leaves all further action to the unbiased and unsolicited conduct of the latter is not liable in trespass for false imprisonment, unless he takes some part in furthering the arrest, or urging the detention."

The meritorious question in the case and the one to which the briefs are in the main directed is whether defendant as an officer was protected in making the arrest by the warrant—whether the writ was fair on its face. The statute under which plaintiff was prosecuted provides:

"And every person so offending shall be punished by fine not exceeding ten dollars for each offense."

This penalty may only be collected by civil action; the violation of the statute is not a misdemeanor, and may not be prosecuted by criminal process. *Yerkes* v. *Smith,* 157 Mich. 557. There is, therefore, no authority in the statute for the issuance of the warrant upon which plaintiff was arrested. Counsel for defendant argue that the justice in determining that a warrant should issue performed a judicial function and that he and the officer who executed the writ are protected even though his determination was erroneous, and *Gardner* v. *Couch,* 137 Mich. 358, and kindred cases are cited. In the *Gardner Case* we said on motion for rehearing:

"In the case at bar defendant had jurisdiction of the subject-matter, and it was his duty to judicially determine whether or not a warrant should issue. Had he determined that it should not issue, surely that determination would have been a judicial act, which

might have been corrected if erroneous. His determination was none the less judicial because he erroneously decided that the warrant should issue. To hold him civilly responsible for such an erroneous decision would not only be unjust, but injurious to public interests. In deciding whether or not a warrant should issue, the magistrate should be free to act according to his judgment."

But in that case the justice had authority to issue a warrant. To determine whether the facts in the particular case were sufficient required of the justice the exercise of his judicial functions; that he performed that judicial function erroneously did not create liability. Manifestly where the authority exists in a justice to issue a warrant his determination that sufficient facts have been made to appear to justify its issuance is a judicial act. But here there was no authority in the justice to issue the warrant. The act was one beyond his power, beyond his jurisdiction. He might issue civil process to enforce the penalty but he was without authority to issue criminal process for that purpose. This distinction was noted in *Wheaton v. Beecher*, 49 Mich. 348, where we held that the officer was not required to look back of his writ, that he was protected by what appeared on the face of it, but we there said in the majority opinion:

"Where a criminal warrant is issued by a magistrate in a case where he has no authority to issue process of that nature, ordinarily no question could arise, but where jurisdiction is given him over the subject-matter, his warrant 'reciting the substance of the accusation' will not always show upon its face whether the magistrate did or did not have the necessary jurisdictional facts before him. And the officer is not required for his protection to inquire into the facts back of his warrant."

Counsel for defendant also challenge our attention to the holdings of this court and those of other courts

where in accordance with the weight of authority (19 Cyc. p. 345) it is held that a warrant under an unconstitutional enactment protects the officer. See *Brooks* v. *Mangan*, 86 Mich. 576. But that class of cases is bottomed, as is the class last referred to, upon the exercise of a judicial function by the justice in holding the enactment valid; and in *Ortman* v. *Greenman*, 4 Mich. 290, this court quite caustically commented on the propriety of the action of a justice of the peace in determining that an act of the legislature was unconstitutional.

2 Cooley on Torts (3d Ed.), p. 883, has been frequently quoted by this and other courts of last resort upon the question of whether a writ is fair on its face. We again quote what is there said:

"The process that shall protect an officer must, to use the customary legal expression, be fair on its face. By this is not meant that it shall appear to be perfectly regular, and in all respects in accord with proper practice, and after the most approved form; but what is intended is that it shall apparently be process lawfully issued, and such as the officer might lawfully serve. More precisely, that process may be said to be fair on its face which proceeds from a court, magistrate, or body having authority of law to issue process of that nature, and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority. When such appears to be the process, the officer is protected in making service, and he is not concerned with any illegalities that may exist back of it."

Among our own cases that of *Wachsmuth* v. *National Bank*, 96 Mich. 426 (21 L. R. A. 278), is upon principle nearest in point. The order to hold to bail in a *capias* case was made by a circuit court commissioner, an inferior officer. The affidavit upon its face showed that the plaintiff in the case was not entitled to the order to hold to bail. In disposing of the case

it was said by the court, speaking through Mr. Justice McGrath:

"It is contended that the order to hold to bail protects the defendants. The officer indorsing the order was one of special and limited jurisdiction. The affidavit disclosed that the resolution was offered by plaintiff as a member of the common council to that body, and related to a matter in the line of plaintiff's duty as a public officer. In other words, the affidavit, upon its face, showed that the resolution charged as libelous was, as a matter of law, absolutely privileged. So far from setting forth any facts and circumstances tending to show grounds for granting the order, the affidavit expressly negatived any liability whatever to the plaintiff. The defect was therefore jurisdictional, and the order was absolutely void, and affords no protection to the parties instituting the proceedings, procuring the order, and delivering the process to the sheriff for execution. An arrest and imprisonment in a civil case upon void process is as one without process, and cannot be justified. Good faith, honest belief, and the advice of counsel may be shown to rebut the presumption of malice, and to avoid punitive damages, but not to justify an arrest and imprisonment under an absolutely void process (citing authorities)."

So here the complaint showed upon its face that the warrant was unauthorized and the warrant itself negatived the authority to issue it; and here, as there, the action was by an officer of limited jurisdiction. In *Thomas* v. *Rosecrantz,* 193 Mich. 357, we pointed out the distinction between the effect of an order to admit to bail in a *capias* action made by a circuit judge and one made by a circuit court commissioner.

In the recent case of *Larson* v. *Collins,* 195 Mich. 492, the commitment did not show that there had been a conviction of any offense known to the law. It was held that it did not afford protection to the officer, and it was there said by the late Justice Brooke:

"While we agree with counsel for appellant that ac-

tions of this character against officers of the law should not be encouraged, we are yet constrained to hold that the commitment recited a conviction of no offense known to the law, and was therefore void upon its face and insufficient to afford protection to the officer who executed it."

A somewhat analogous case is that of *Kramer* v. *Lott*, 50 Pa. St. 495. In that case the complaint and warrant disclosed a trespass, not a violation of the criminal law; a civil liability, not a criminal one. It was held that an action for malicious prosecution could not be maintained, but that an action for an unlawful arrest could be maintained, that the warrant was void, and that plaintiff's action was not in case but in trespass, and it was said by the court:

"Now neither the substance of the information given, nor the warrant, do more than describe a trespass, viz., the breaking open the schoolhouse with force. No violence, threats, or menaces towards any one is alleged and set forth, and thus the warrant did not describe the offense of forcible entry, much less of forcible detainer, but only a trespass. I apprehend it could not be successfully contended, that an indictment using no other words than those contained in the warrant, namely, 'breaking and opening a certain schoolhouse with violence and taking possession of the same in said district contrary to law,' would be good. It makes no allusion to any person in possession, either actually or constructively, or that the violence was other than that used in opening the door, it being locked. If nothing else than this occurred, the act was manifestly a trespass only, and the warrant describing merely a trespass was void. The plaintiffs' remedy was therefore for an arrest without authority of law, and that was by action of trespass and not case."

In *Gurney* v. *Tufts*, 37 Me. 130, it was said by the court:

"The warrant must, on its face, show the magistrate's authority to commit, for no presumptions are

to be made in favor of his jurisdiction.   However important it may be that an officer should be protected, it should never be forgotten that the citizen has his rights and that they are rights under the law and entitled to its protection.   When an officer acts under the authority of a magistrate having jurisdiction, and that fact is disclosed on the face of his precept, he should not be held responsible for the previous omissions of such magistrate.   He should not be required to ascertain or determine the validity of prior proceedings, or to look beyond the command of his precept.   But if the magistrate issues precepts or orders arrests for acts not known to the law as offenses; if he imposes illegal punishments, as if he commands a plain and obvious violation of the law, he can, when thus transcending the bounds of his authority, afford no more protection to an officer than could one not a magistrate."

In the instant case the warrant not only failed to show a justification for the arrest of the plaintiff, but it affirmatively showed a want of such justification. It not only failed to show that he had committed any act calling for his arrest on criminal process, but it affirmatively showed that the act committed by him was one for which he could not be arrested by criminal process.   Under these circumstances the writ was not a protection to the officer serving it—it was not fair on its face.

Advice of counsel and good faith may be shown in mitigation of punitive damages but neither is a justification for an actual trespass upon the rights of the individual.

The judgment must be reversed with a new trial.

Plaintiff will recover costs of this court.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.