BOWEN *v.* BORLAND.

1. Malicious Prosecution—Trial—Instruction.

Where, in action for malicious prosecution in charging plaintiff with fraudulently disposing of chattel mortgaged property, it appears that, at time property was disposed of, there was unpaid balance due on mortgage debt, trial court was in error in instructing jury, in effect, that if debt was paid at time complaint was made, then defendants had no probable cause for believing plaintiff guilty, because, if he was guilty at time property was sold, he would not relieve himself from liability to criminal prosecution by subsequently paying debt.

2. Same—Intent to Defraud—Presumption.

Sale of chattel mortgaged property without paying balance due on mortgage debt raises presumption of intent to defraud.

3. Same—Issue as to Guilt—Trial—Probable Cause.

Where, in said action, presumption of plaintiff's guilt, raised by evidence that he sold mortgaged property without paying debt, was rebutted by testimony that he sold with defendants' consent, issue thus raised as to his guilt or innocence should have been presented to jury in determining whether defendants had probable cause for believing plaintiff guilty.

4. Same—Requested Instruction.

In action for malicious prosecution, it was error for trial court to refuse requested instruction as to effect of plaintiff's guilt of offense charged on his right to recover.

5. Same—Guilt of Plaintiff Complete Defense.

In action for malicious prosecution, guilt of crime for which plaintiff was arrested is complete defense.

Appeal from Lapeer; Smith (Henry H.), J. Submitted January 8, 1932. (Docket No. 89, Calendar No. 36,209.) Decided March 2, 1932.

Case by Albert Bowen against Will Borland and another for malicious prosecution. Verdict and

judgment for plaintiff. Defendants appeal. Reversed, and new trial granted.

*Herbert W. Smith* and *Kenneth H. Smith,* for plaintiff.

*Elmer Shumar* and *Theo. D. Halpin,* for defendants.

McDonald, J. This action was brought to recover damages for malicious prosecution based on a complaint made by the defendant Will Borland, cashier of the Lapeer bank, against the plaintiff, charging him with the fraudulent disposal of chattel mortgaged property.

The plaintiff gave the defendant bank a chattel mortgage on some cattle to secure an indebtedness. Before the debt was entirely paid, he sold the cattle and did not pay the balance due. He claims the sale was made with the consent of officers of the bank. On defendants' complaint a warrant was issued. The plaintiff was arrested, but subsequently discharged on motion of the prosecuting attorney because of insufficient evidence to support a conviction. The plaintiff then began this suit, which resulted in a verdict and judgment in his favor for $1,000. The defendants have appealed.

1. The principal cause for appeal relates to the following instructions to the jury:

"The next essential element in the case is to establish on the part of the plaintiff as against the defendant here, a want of probable cause. Now, in determining a want of probable cause, you will take the situation as you find it; not on the 18th day of March, or upon any other day previous to the making of the complaint, but you will take the situation

as you find it on the day that that complaint was made. Now, upon that particular day, being the 26th day of May, 1930, the undisputed evidence in the case shows that there was no debt at that time due and owing the Lapeer County Bank, and, that being true, there was no subsisting chattel mortgage held by the Lapeer County Bank.''

Following this instruction, the court held, as a matter of law, that the defendants did not have probable cause to believe that the plaintiff was guilty of the crime for which they caused his arrest. In thus determining the question of probable cause, the court ignored all evidence of the defendants' knowledge of facts tending to show the plaintiff's guilt of the crime charged. He considered as all controlling the fact that the mortgage debt was paid when the complaint was made. This was wrong. If the plaintiff was guilty on November 1, 1929, that being the time alleged in the complaint, the fact that the debt was subsequently paid would not relieve him from criminal prosecution by the defendants, though it would have an important bearing on the question of malice. It is undisputed that when the cattle were sold there was a balance of $370.43 due on the mortgage debt. A sale of the mortgaged property without paying this balance would raise a presumption of intent to defraud. The plaintiff sought to rebut the presumption by evidence that he sold the cattle with defendants' consent. This they denied. These alleged facts pertain to the guilt or innocence of the plaintiff. They cannot be ignored in determining the question of probable cause; for probable cause existed if defendants had knowledge of facts tending to show his guilt. As the facts were in dispute, the question was for the jury.

2. Although requested to charge the jury as to the effect of plaintiff's guilt of the offense charged on his right to recover, the court refused to do so. This was error. In cases of this kind, guilt of the crime for which he was arrested is a complete defense. In *Mack* v. *Sharp,* 138 Mich. 448 (5 Ann. Cas. 109), this court said:

"This testimony is not in such case offered in support of probable cause, but to show that the plaintiff has suffered no wrong by his arrest. The law considers that, if a criminal is fortunate enough to escape conviction, he should rest content with his good luck, and not belabor one who suspected his guilt and acted accordingly."

Because of these errors in the charge of the court, the judgment is reversed, and a new trial granted, with costs to the defendants.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.