SIMON FINE v. ROBERT P. NAVARRE.

*Malicious prosecution—Probable cause—Question for jury—Damages—Evidence.*

1. Where, in a suit for malicious prosecution, the facts are undisputed, want of probable cause is purely a question of law; citing *Huntington v. Gault*, 81 Mich. 144, 155.

2. In a suit for malicious prosecution in causing plaintiff's arrest for engaging in the business of selling spirituous and intoxicating liquors without having paid the $500 tax and posted the receipt and notice as required by law, the proof relied upon to sustain the complaint was that the defendant had sent a third party to the plaintiff to buy whisky, which he did, bringing it to the defendant in a colored bottle furnished for that purpose, and that, on tasting the contents of the bottle the next day, it was found to be whisky. The plaintiff denied selling any whisky to said party, but admitted that he sold him light wine, made from native grapes, and claimed that, while he was not authorized to sell whisky, he had a "beer license." And it is held that a request on the part of the defendant for an instruction that there was probable cause for

---

making the complaint was properly refused, it being a question for the jury.

3. It was competent for the plaintiff under his declaration (which averred that, by reason of said prosecution, his credit was impaired so that his creditors demanded security for their debts, and he was obliged to mortgage his property to give such security) to show that plaintiff was a merchant; that he bought goods in a certain city; that he was indebted to several parties for goods; that said parties, on hearing of the pendency of the charge, refused him further credit, and required a chattel mortgage, which he was obliged to give in order to avoid being sued.

Error to Monroe. (Kinne, J.) Argued January 25, 1895. Decided February 12, 1895.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*William Look* and *Ira G. Humphrey,* for appellant.

*Sloman, Groesbeck & Robinson (E. R. Gilday,* of counsel), for plaintiff.

HOOKER, J. The defendant appeals from a judgment rendered against him in the circuit court in an action for malicious prosecution. The defendant had made a complaint against the plaintiff for violation of the liquor law, the charge being that he was engaged in the business of selling, etc., spirituous and intoxicating liquors without having paid the tax of $500, and without having posted the receipt and notice required by law, which resulted in his acquittal upon the trial at the circuit. This action was then brought.

The counsel for defendant requested the circuit judge to instruct the jury that there was probable cause, and that the defendant must be acquitted, which was refused. We are cited to the case of *Huntington v. Gault,* 81 Mich. 155, in support of the request. As stated in that case, admitted or undisputed facts make probable cause a question of law

for the court. In this case the proof relied upon to sustain the complaint was that the defendant had sent one Barrow to buy whisky, which he did, bringing it to the defendant in a blue bottle; that the next day it was tasted, and found to be whisky. The plaintiff denied selling any whisky to Barrow, but said that he sold wine,[1] and that, while he was not authorized to sell whisky, he had a "beer license." There was a dispute over the question of the sale. If this was the only proof that he was engaged in the business charged, the prosecution would fail if wine was sold instead of whisky; and if it was true, as contended, that this wine was changed to whisky by the defendant after the bottle was brought to him, he knew to a certainty that the plaintiff had not on that occasion sold in contravention of law, and, unless he had some other reason for believing that the plaintiff was engaged in selling spirituous and intoxicating liquors without paying the tax of $500 and posting the receipt and notice, he had not a shadow of justification for his complaint. *Harris v. Woodford*, 98 Mich. 151. This purchase by Barrow was the transaction upon which the defendant sought to justify his complaint. It was the support of his alleged good faith. It was, therefore, a proper question for the jury.

The plaintiff introduced evidence tending to show that he was a merchant, and that he bought goods on credit in Detroit; that at the time of the prosecution he was indebted to several parties for goods, who, on hearing of the pendency of the charge, refused him further credit, and required a chattel mortgage, which he was obliged to give to avoid being sued. This is said to have been erroneously admitted. The only comment made in the

---

[1] Plaintiff testified that the wine he sold was light wine, made from native grapes, and of the color of whisky. See Act No. 313, Laws of 1887, § 2.

brief is that it was not competent to prove loss of credit by particular instances. The declaration states that the plaintiff's "credit was thereby impaired so that his creditors demanded security for their debts, and said plaintiff was obliged to mortgage his property to give said security." Loss of pecuniary credit may be a substantial injury to one relying upon it. It does not necessarily and inevitably follow arrest upon a criminal charge, and perhaps cannot be presumed to do so. If not, it follows that it must be proved like any other special damage, and, if instances of loss of confidence cannot be shown, it is not clear how it should be established. A descent of creditors, brought about by the publicity of the charge, would seem to be as tangible evidence of the loss of credit as any that can be imagined, especially if, under threats of suit, they required and procured a mortgage of the debtor's property to secure their debts. See *Tomlinson v. Derby,* 43 Conn. 562; *Burt v. McBain,* 29 Mich. 260; Steph. Mal. Pros. 117; *Hatt v. Evening News Association,* 94 Mich. 117; 14 Am. & Eng. Enc. Law, 71, 72, and notes. We think that it was proper to admit the testimony mentioned.

We deem it unnecessary to discuss the other errors alleged further than to say that we find no error in them.

The judgment will be affirmed.

LONG, GRANT, and MONTGOMERY, JJ., concurred. McGRATH, C. J., did not sit.