### MACK v. SHARP.

1. CRIMINAL LIBEL—FALSE CHARGE OF CRIME.
   One who circulates a libel may be guilty of the offense denounced by 3 Comp. Laws, § 11762, making it a misdemeanor to falsely charge another with the commission of a crime.

2. MALICIOUS PROSECUTION — DEFENSES — EVIDENCE — GUILT.
   In malicious prosecution, it may be shown that plaintiff was in fact guilty of the offense charged against him by defendant, notwithstanding his acquittal.

3. WITNESSES—PRIVILEGE—ATTORNEY AND CLIENT.
   It is not necessary that a fee be asked or accepted by an attorney, to entitle a client to protection under the rule against an attorney testifying to disclosures made by his client.

Error to Livingston; Smith, J. Submitted November 15, 1904. (Docket No. 84.) Decided December 14, 1904.

Case by Glenn S. Mack against James Sharp for malicious prosecution. There was judgment for plaintiff, and defendant brings error. Reversed.

*William P. Van Winkle* and *W. E. Scott*, for appellant.

*Odell Chapman* and *Henry C. Smith*, for appellee.

MONTGOMERY, J.   This is an action for malicious pros-
ecution.   The plaintiff was, at the instance of defendant,
arrested upon a charge of criminal libel.   He was acquit-
ted, brought this action, recovered substantial damages,
and defendant brings error.   Numerous assignments of
error appear in the record, but we discuss only such as are
likely to arise on a new trial.

1. The court held and instructed the jury that one could
not be guilty of an offense under section 11762, 3 Comp.
Laws, who circulates a libel.   This view of the law is op-
posed to the authorities.   18 Am. & Eng. Enc. Law (2d
Ed.), p. 1056.

2. The court also ruled throughout the case that in this
action the defendant was not at liberty to prove that the
plaintiff was in fact guilty of the criminal offense imputed
to him in the prosecution instituted by the defendant.   It
is well established by authority that in an action for mali-
cious prosecution it is a complete defense to show that the
plaintiff was in fact guilty of the offense charged against
him by defendant, and this though the proof of guilt is
furnished by evidence not known to defendant when the
prosecution against the plaintiff was instituted.   This tes-
timony is not in such case offered in support of probable
cause, but to show that the plaintiff has suffered no wrong
by his arrest.   The law considers that, if a criminal is for-
tunate enough to escape conviction, he should rest content
with his good luck, and not belabor one who suspected his
guilt and acted accordingly.   As was said in *Newton* v.
*Weaver*, 13 R. I. 617:

"The action for malicious prosecution was designed for
the benefit of the innocent, and not of the guilty.   It mat-
ters not whether there was proper cause for the prosecu-
tion, or how malicious may have been the motives of the
prosecutor, if the accused is guilty he has no legal cause
for complaint."

See, also, *Threefoot* v. *Nuckols*, 68 Miss. 123; *White-
hurst* v. *Ward*, 12 Ala. 264; *Parkhurst* v. *Masteller*,
138 Mich.—29.

57 Iowa, 478; *Turner* v. *Dinnegar*, 20 Hun, 465; *Lancaster* v. *McKay*, 103 Ky. 616.

Inasmuch as it is essential to the plaintiff's action to show a termination of the criminal action as a basis for his suit for malicious prosecution, it is competent to establish this fact by the verdict of acquittal. 2 Black on Judgments, § 529. But it is not conclusive evidence of the plaintiff's innocence. Id.

Plaintiff's counsel cite the case of *Josselyn* v. *McAllister*, 25 Mich. 45, as sustaining the ruling of the circuit judge. It does not appear that the precise question of whether the actual guilt of plaintiff could be given in evidence as a defense was discussed in that case. It is true that testimony which might have amounted to an admission of one element of the offense was held properly excluded on the ground that defendant was not shown to have had knowledge of the fact when the prosecution was instituted by him. It was said that, "if Josselyn acted without any knowledge or suspicion of the supposed fact, it could in no way affect his motives"—a proposition obvious enough in itself, and quite conclusive as to the admissibility of the proposed testimony in that case, for the opinion shows there were joined in that action counts for malicious prosecution and false imprisonment, and by a reference to the report of the case at a former hearing (22 Mich. 304) it will be seen that the counts for malicious prosecution were *disposed of* on the first trial at the circuit, so that in the first opinion it was very pertinently said, "As no state of facts relied upon would have made the arrests lawful, the defense depends, so far as this class of testimony is concerned, purely on the consideration of malice."

The case of *Patterson* v. *Garlock*, 39 Mich. 447, also cited, does not sustain the ruling below. Indeed, some of the language employed by Mr. Justice GRAVES makes strongly for what we hold to be the correct rule. In that case testimony offered by the plaintiff to establish his innocence was received. The court held that, while it was

not bound to make affirmative proof of his actual inno-cence, yet such testimony was admissible.

Mr. Justice GRAVES said :

" It requires no reasoning to show that, where the ques-tion is whether one man has fair ground to charge another with a crime, it cannot be laid down that the abstract fact of his guilt or innocence must be necessarily impertinent and immaterial."

There was error in the court's ruling.

3. One Byron Hicks was called as a witness to testify to statements made to him by Mack at about the time of his arrest. Mr. Hicks is an attorney, and testified that this conversation occurred in his office. The court excluded the testimony on the ground that the relation of attorney and client existed. The record shows that the witness did in fact advise the plaintiff at that time, and that he asked the plaintiff certain questions relating to the matter. He testified that he could not state whether the plaintiff con-sulted him as to the law or not, but we think his further testimony discloses that he was so consulted. It is not necessary that a fee be asked or expected in order to entitle the client to invoke the protection of this relation. Weeks on Attorneys, § 143. It should be stated that Mr. Hicks does not appear to have been in any sense a volunteer wit-ness, and that his testimony bears every evidence of candor.

The other questions presented are so far dependent on those discussed that they are quite unlikely to arise again.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.