GILECKI *v.* DOLEMBA.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—EVIDENCE.
    In an action for malicious prosecution, the question of want
    of probable cause is for the court if the facts are undis-
    puted.[1]

2. SAME—CRIMINAL PROSECUTION—WANT OF PROBABLE CAUSE.
    Probable cause is such reasonable ground of suspicion, sup-
    ported by known circumstances, or by information of suf-
    ficient character, to justify an ordinarily cautious person
    in believing that the accused is guilty of the alleged crime.

3. SAME—EVIDENCE—DIRECTED VERDICT.
    Where the defendant displayed in the presence of plaintiff,
    a stranger, a large roll of money which he placed in an
    unlocked trunk in the lower part of the house, plaintiff
    being in a position to see the act, and where there was
    evidence that he was informed by a roomer that some one
    crept stealthily downstairs in the night and after moving
    about went outside, that the person coughed like one of
    the roomers with whom plaintiff was friendly, and that
    the dog belonging to defendant had been put outside in
    the night, that plaintiff and the roomer had entered the
    house together, where, also, defendant related all the facts
    to a justice of the peace who issued a warrant, the ques-
    tion of probable cause, upon uncontradicted evidence, was
    for the court, which rightly held that there was no proof
    of a want thereof.
    OSTRANDER, J., dissenting.

Error to Gogebic; Cooper, J. Submitted October 15,
1915. (Docket No. 122.) Decided December 21, 1915.
Rehearing denied April 21, 1916.

Case by John Gilecki against Joseph Dolemba for
malicious prosecution. Judgment for defendant.
Plaintiff brings error. Affirmed.

---

[1]Whether the question of probable cause in malicious prosecu-
tion is a question for court or jury is discussed in an extensive
note in L. R. A. 1915D 1.

*Julius J. Patek*, for appellant.

*Curtis Buck* (*Belmont Waples*, of counsel), for appellee.

KUHN,. J.   The defendant herein, on December 5, 1913, made a written complaint against the plaintiff, charging him jointly with one John Pazara with the larceny of $300 of the defendant's money.   A warrant was issued for the plaintiff's arrest, and he was taken in custody and remained in custody in default of bail until the 10th of that month, on which day the case was dismissed by the prosecuting attorney for want of sufficient evidence.

This action is brought for malicious prosecution, and at the close of the plaintiff's evidence the trial judge directed a verdict in favor of the defendant on the ground that under the undisputed facts in this case the evidence wholly failed to show as a matter of law a want of probable cause, and also wholly failed to show any malice on the part of the defendant.   The facts are in substance as follows:

On the evening of December 4, 1913, the plaintiff met Frank Dolemba, a brother of the defendant, and one John Pazara in a saloon, where Dolemba and Pazara bought some wine.   Dolemba and Pazara both roomed at defendant's house, while plaintiff roomed a short distance away.   On the way home, Frank Dolemba and Pazara invited the plaintiff to go to the defendant's home with them, which he did, and there drank some wine with them.   It was the first occasion on which the plaintiff had been in the defendant's house.   While the plaintiff was in the house the defendant displayed a considerable amount of money, upwards of $300, and in the presence of the plaintiff, and where the plaintiff could see him, he placed the money in a trunk in another room, not locking the trunk.   The defendant then retired for the night, his wife visiting

with the plaintiff and Pazara. Later the wife retired. The plaintiff then went to his own house, and Pazara also retired for the night.

A brother of the defendant, who was living with him, came in later, locked the front door, and went to bed, and at that time the defendant's dog was in the house. But in the morning he found that the dog was on the outside of the house. He was also told the next morning by a woman who lived in another part of the house that she heard some one come softly downstairs about 3 o'clock in the morning, move around stealthily, then go out of doors for a time, then come back, and that he coughed like Pazara.

The loss of the money was discovered in the morning by the defendant's wife, and the defendant thereupon went at once to the office of the prosecuting attorney of the county to lay the facts before him, but failed to find him, as it appears that the prosecutor was away at the time. He then went to a justice of the peace, and told him the facts as he knew them, and signed the complaint upon which the warrant was issued. This complaint and warrant form the basis of this action.

It is the settled rule in this State that when the facts are conceded, the want of probable cause is a question of law to be determined by the court, and therefore the trial judge acted properly in making such a determination. *Huntington* v. *Gault,* 81 Mich. 144 (45 N. W. 970) ; *Rankin* v. *Crane,* 104 Mich. 6, ·9 (61 N. W. 1007) ; *Fine* v. *Navarre,* 104 Mich. 93 (62 N. W. 142) ; *Slater* v. *Walter,* 148 Mich. 650 (112 N. W. 682). The question before us, therefore, is whether or not he erred in determining that the facts herein set forth were insufficient to show a want of probable cause.

In determining this question, it is necessary to bear in mind that to constitute probable cause there must be such a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to war-

.rant an ordinarily cautious person in believing that the person arrested was guilty of the offense charged. *Gallaway* v. *Burr*, 32 Mich. 332; *Hamilton* v. *Smith*, 39 Mich. 222; *Spalding* v. *Lowe*, 56 Mich. 366 (23 N. W. 46) ; *Wilson* v. *Bowen*, 64 Mich. 133 (31 N. W. 81).

Taking the situation as it presented itself to the defendant when the loss of the money was discovered, the fact that the plaintiff and Pazara came to his house together, where the former had never been before, that he there saw the money displayed and could see where the defendant placed the money, the fact that it appeared that somebody had come into the house after the brother had retired for the night, in our opinion, warranted the defendant, in the exercise of ordinary prudence, in believing that Pazara and the plaintiff were connected with the disappearance of the money, and we therefore conclude that the circuit judge was right in holding that the evidence wholly failed to show a want of probable cause in the taking out of the complaint and warrant against the complainant in this case; and, further, that there is no evidence of malice shown on the part of the defendant.

The judgment of the lower court will therefore be affirmed.

BROOKE, C. J., and PERSON, STONE, BIRD, MOORE, and STEERE, JJ., concurred with KUHN, J.

OSTRANDER, J. (*dissenting*). I think the case was one for the jury.