MAXSON v. KOHLER.

1. APPEAL AND ERROR—DIRECTED VERDICT. .
    On question of decision in favor of defendant of reserved motion to direct verdict, evidence must be viewed in light favorable to plaintiff, on appeal.

2. EVIDENCE—PRESUMPTIONS.
    That defendant had knowledge, on April 12th, that water heater was not paid for, would not raise presumption that he knew, on May 20th, that it was not paid for, especially in view of plaintiff's express representation, on latter date, that property in which heater was installed was free from all liens and incumbrances.

3. MALICIOUS PROSECUTION—ADVICE OF COUNSEL—DIRECTED VERDICT.
    In action for damages for malicious prosecution, based on plain-
    tiff's arrest on charge of· false pretenses, defense of advice
    of counsel, *held*, made out as matter of law, under evidence.

Appeal from Ingham; Collingwood (Charles B.),
J. Submitted October 22, 1931. (Docket No. 188,
Calendar No. 36,004.) Decided January 4, 1932.

Case by Rolla F. Maxson against George J. Kohler
for malicious prosecution. Judgment *non obstante
verdicto* for defendant. Plaintiff appeals. Affirmed.

*Bishop, Blackney & Church (Joseph. H. Dunne-
backe, of counsel), for plaintiff.*

*Pierce & Planck, for defendant.*

CLARK, C. J. This is an action for damages for
malicious prosecution based upon plaintiff's arrest
on a charge of false pretenses, wherein it is claimed
that he, assigning his vendee's interest under a land
contract in consideration of $600, had falsely repre-
sented that the property was free and clear of all
liens and incumbrances, when, in truth, it was in-
cumbered by a certain contract of purchase from
Consumers Power Company of Lansing. Plaintiff
had verdict. Judgment for defendant was entered
on decision of a reserved motion to direct. Plain-
tiff has appealed.

On April 12, 1930, plaintiff purchased from the
power company on conditional sale a hot water
heater which, on April 14th, was installed in the
dwelling on the premises in question by proper con-
nections into the plumbing system. On May 20, 1930,
he surrendered and assigned his interest to defend-
ant, who had succeeded to the vendor's interest in
the contract and who held the title.

Plaintiff expressly represented that his equity was free and clear from any incumbrances or claim, and "there were no incumbrances on the property." After the deal had been closed, plaintiff wrote defendant that he had forgotten to tell him about the hot water tank or heater. Correspondence followed. Finally, on June 9, 1930, plaintiff wrote to the power company that he would pay for the heater according to the terms of the sale agreement, but he did not so notify defendant, and there is no evidence that defendant knew of the letter. Complaint was made on June 18, 1930, and arrest followed promptly. On order of the prosecuting attorney, the cause was dismissed promptly.

No question is raised that the conditional sale agreement was an incumbrance, and it is passed. The defense is advice of counsel. Except, perhaps, in one particular, hereinafter mentioned, defendant disclosed to his own attorney, and to the prosecuting attorney, to whom his own attorney advised him to go, fully and fairly all the material facts within his knowledge. The prosecuting attorney caused the complaint to be drawn and directed defendant to sign it, which he did.

The sole matter of evidence urged by appellant as making an issue for the jury of the defense of advice of counsel, and as indicating that defendant did not make full and fair disclosure of facts within his knowledge, is testimony of plaintiff that, on April 12, 1930, he told defendant he had purchased the hot water heater on approval or on trial, and that the tenant would pay for it by additions to his gas bills. Defendant denied any such conversation, but, as the evidence on the question of decision in favor of defendant of the reserved motion to direct must be viewed in the light favorable to plaintiff, it is considered that plaintiff did so inform defend-

ant.  Defendant's interest then was as vendor, as a holder of the title.  No transfer or surrender of the vendee's interest to him was then contemplated. Defendant was not advised of the purchase price of the heater, nor the period over which it was to be paid for.

Under the circumstances, the fact that the heater was not fully paid for on April 12th will not raise a presumption that it was not fully paid for on May 20th, especially in view of plaintiff's express representation on May 20th that the property was free from all liens and incumbrances.  Defendant, on May 20th, cannot be charged with knowledge that the heater was not fully paid for.  He had a right to rely on plaintiff's representation, and it is apparent he did rely on it.

The defense of advice of counsel was made out as a matter of law, and the court did not err in ordering judgment for defendant.

We quote from *Crawford* v. *Huber,* 215 Mich. 564 (39 A. L. R. 1392):

"The court correctly held that defendant, having in good faith fully and fairly stated all the material facts within his knowledge to the prosecuting attorney, and having acted solely on his advice, could not be held for his act in instituting the proceedings under either count for malicious prosecution or false imprisonment.  *Murphy* v. *Walters,* 34 Mich. 180; *Smith* v. *Tolan,* 158 Mich. 89; *Rogers* v. *Olds,* 117 Mich. 368; *Wakely* v. *Johnson,* 115 Mich. 285; *Huntington* v. *Gault,* 81 Mich. 144; *Thomas* v. *Bush,* 200 Mich. 224."

No other matter calls for discussion.
Affirmed.

MCDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.