## CLANAN *v.* NUSHZNO.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—DIRECTED VERDICT.
   Where, in action for malicious prosecution, material facts are undisputed, and, in opinion of court, constitute probable cause, verdict should be directed for defendant, but, when facts are in dispute, question is for jury with instructions as to what constitutes probable cause.

2. SAME—GENERAL RULE.
   In action for malicious prosecution, general rule is that what facts, and whether particular facts, constitute probable cause, is question of law which judge must decide upon facts found in particular case, and which it is error for him to submit to jury.

3. SAME—PROBABLE CAUSE DEFINED.
   Probable cause is such reasonable ground of suspicion, supported by known circumstances, or by information of sufficient character, to justify an ordinarily cautious person in believing that accused is guilty of alleged crime.

On province of court and jury as to question of probable cause, see annotation in L. R. A. 1915D, 5 *et seq.*

4. Same—Probable Cause—Embezzlement—Intent.

> To constitute probable cause for insurance agent to charge collector with embezzlement, he must act in good faith, believe in collector's guilt, and have knowledge of facts tending to support such belief; he must have knowledge of facts tending to show not only shortage, but also intent to embezzle funds collected.

5. Same—Question for Jury.

> Whether insurance agent was justified in believing collector guilty of embezzlement, *held*, question for jury, under evidence showing that he knew that collector claimed commissions due him were unpaid.

6. Same—Reliance on Prosecutor's Recommendation.

> If insurance agent fully and fairly submitted all material facts within his knowledge to prosecuting attorney, his reliance on prosecutor's recommendation in signing complaint charging collector with embezzlement would be complete defense to action for malicious prosecution, but if he withheld material facts from prosecutor, said defense would not be available.

7. Same—Embezzlement—Probable Cause—Question for Jury.

> Whether insurance agent had probable cause for charging collector with embezzlement, *held*, question for jury, under evidence.

8. Same—Burden of Proof—Ratification—Scope of Agent's Employment.

> In collector's action against insurance company for malicious prosecution based on agent's signing complaint charging plaintiff with embezzlement, burden of proof was on plaintiff to show that company authorized or ratified said prosecution, or that agent acted within scope of his employment in making said complaint.

9. Same—Directed Verdict.

> Where insurance company had been paid collector's shortage by bonding company and therefore was no longer interested in its collection, agent's action in signing complaint charging collector with embezzlement, at request of bonding company, two years later, was not within scope of his employment, although it was his duty to make collections and endeavor to secure reimbursement when collector retained any of company's funds.

10. SAME—INSTRUCTION—TRIAL—PROBABLE    CAUSE—BURDEN    OF
PROOF.

In action for malicious prosecution, instruction making finding of probable cause depend on proof of plaintiff's guilt, and placing burden of proof on defendants, was error.

11. SAME—DIRECTED VERDICT.

Instruction that, to show probable cause, defendants must prove plaintiff's guilt by acts subsequent to date alleged, was error, where date alleged was error of prosecutor in drafting complaint, and alleged acts occurred prior to date charged; instruction being equivalent to directing verdict against defendants.

12. SAME—GUILT NOT NECESSARY DEFENSE—PROBABLE CAUSE.

In action for malicious prosecution, probable cause does not depend on plaintiff's guilt, since he may be innocent of crime charged against him, and yet there may exist probable cause for his arrest; guilt being complete but not necessary defense.

13. SAME—WANT OF PROBABLE CAUSE NOT INFERABLE FROM MALICE.

In action for malicious prosecution, instruction that, if there was malice in instituting criminal proceeding against plaintiff, it would destroy defense of probable cause, was error, since want of probable cause may not be inferred from malice.

Appeal from Wayne; Kilpatrick (Arthur W.), J. Submitted November 3, 1932. (Docket No. 180, Calendar No. 36,800.) Decided January 3, 1933.

Case by Nicholas J. Clanan against David Nushzno and John Hancock Mutual Life Insurance Company for malicious prosecution. Verdict and judgment for plaintiff. Defendants appeal. Reversed, without a new trial as to defendant company, with a new trial as to defendant Nushzno.

*Ira F. Morgan,* for plaintiff.

*Angell, Turner, Dyer & Meek,* for defendants.

McDonald, C. J. This is an action to recover damages for malicious prosecution based on a sworn complaint of defendant David Nushzno, in criminal proceedings wherein the plaintiff was charged with the embezzlement of money belonging to the defendant insurance company.

In February, 1921, David Nushzno was superintendent of a branch district of the John Hancock Mutual Life Insurance Company in the city of Detroit, Michigan. The plaintiff was employed on a commission basis as agent to solicit insurance and to collect premiums. He worked out of Mr. Nushzno's office in designated territory and was responsible to him for his work. In May, 1926, Nushzno claims to have discovered a shortage in the plaintiff's accounts, that he had collected premiums from policyholders which he failed to pay over to the company. Plaintiff quit his employment. After an investigation of his accounts a shortage was reported to the defendants' bonding company, the Employers' Liability Assurance Corporation, Limited. The corporation paid the amount of the shortage and took an assignment from the John Hancock Mutual Life Insurance Company of its claims against the plaintiff. Subsequently, at the request of the bonding company, Mr. Nushzno made complaint to the prosecuting attorney of Wayne county charging the plaintiff with embezzlement. On this complaint a warrant was issued. The plaintiff was arrested but later the criminal proceedings were dismissed and he was discharged. Thereafter he promptly brought this suit; and on the trial by the court and jury was given a verdict for $7,500. On motion for a new trial, he consented to remit from the verdict all in excess of $3,000, for which amount judgment was entered in his favor. The defendants have appealed.

1.   The first question presented as cause for appeal is the refusal of the court to direct a verdict in favor of the defendants on the ground that probable cause was established as a matter of law by the undisputed facts.

When the material facts are undisputed and in the opinion of the court constitute probable cause, he should direct a verdict in favor of the defendant. When the facts are in dispute, the question is for the jury with instructions as to what constitutes probable cause.

"The general rule of the common law, sustained by the overwhelming weight .of authority, both in England and America, is that what facts, and whether particular facts, constitute probable cause is a question of law, which the judge must decide upon the facts found to exist in the particular case, and which it is error for him to submit to the decision of the jury."   18 R. C. L. § 39, p. 58.

"Probable cause is such reasonable ground of suspicion, supported by known circumstances, or by information of sufficient character, to justify an ordinarily cautious person in believing that the accused is 'guilty of the alleged crime."   *Gilecki* v. *Dolemba* (syllabus), 189 Mich. 107.

"Facts which would justify a reasonably prudent man in asking that a jury pass upon accused's guilt would justify defendant in making the complaint." *Weiden* v. *Weiden* (syllabus), 246 Mich. 347.

In instituting these criminal proceedings, the law required of Mr. Nushzno that he act in good faith, believe in the plaintiff's guilt, and have a knowledge of facts tending to support such belief.   It was not sufficient that he have knowledge of facts showing that the plaintiff was short in his accounts.   It must also appear that he had knowledge of facts tending to show that he intended to embezzle the funds he

had collected, intended to convert them to his own use. There was ample evidence of the shortage. The plaintiff admitted it orally and in writing, so there was probable cause for believing that he had collected and retained funds of his employer. But on the question of intent, the facts within Nushzno's knowledge were not undisputed. The plaintiff claimed the right to retain the collections in payment of commissions. When he was told of the shortage, Nushzno presented to him for his signature a shortage slip, Exhibit 6. The plaintiff testified:

"When I signed the slip, Exhibit 6, Mr. Nushzno said I was short, and I says, if I remember right, 'Well, I will sign that slip. I have enough coming on ordinary and weekly premium insurance to cover that.'"

Under the plaintiff's employment contract he was not given the right to deduct his commissions from collections, but by custom known to and acquiesced in by Nushzno, it was his practice and that of other agents to make such deductions and pay the balance to the cashier. Nushzno knew that the plaintiff was claiming commissions with which he had not been credited. He had knowledge of facts sufficient to justify him in believing that his company had paid all commissions, but some of these facts were disputed, so it became a question for the jury to determine whether Mr. Nushzno was justified in believing that the plaintiff was guilty of embezzlement.

A further reason advanced by the defendants for the direction of a verdict on the issue of probable cause was that he fully and fairly submitted all of the material facts within his knowledge to the prosecuting attorney who recommended that the warrant issue.

If the defendant so stated the facts to the prosecuting attorney and relied on his recommendation in signing the complaint, that would be a complete defense to this action. It would constitute probable cause. The record shows that he presented to an assistant prosecuting attorney a very complete statement of the facts as to the shortage, but it does not satisfactorily appear he told him of the plaintiff's claim that he had sufficient commissions coming to him to cover the shortage. The matter of commissions was a live issue between him and the plaintiff. It was a material fact of which he had knowledge. If he withheld it from the prosecuting attorney he cannot avail himself of the defense that he made a full and fair statement of the facts to that official and relied on his advice in signing the complaint. It was a question for the jury. We think the court did not err in refusing to direct a verdict in favor of the defendants on the question of probable cause.

2. The second alleged error discussed in the briefs relates to the refusal of the court to direct a verdict in favor of the defendant insurance company on the ground that Nushzno did not act within his authority as its agent in instituting the criminal proceedings.

On this question the burden of proof was upon the plaintiff to show that the prosecution was previously authorized or subsequently ratified by the company, or to establish facts and circumstances from which it might be inferred that Nushzno acted within the general scope of his employment. There was no proof as to direct authority or ratification. The question was whether Nushzno was acting within the general scope of his employment when he made the complaint for the plaintiff's arrest.

Nushzno was a local agent in charge of one of the several district offices which the company maintains in the city of Detroit. With other duties it was required that he "prosecute earnestly" the collection of all money due to his company. Notwithstanding there was no express authority to enforce collections by criminal prosecution, if such was his motive and purpose, there are cases which hold that he was acting within the scope of his authority as agent. However, the facts in this case forbid the application of the usual rule as to the employer's liability for the acts of an agent by implied authority from the general scope of his employment. The defendant insurance company was not interested in the collection of the plaintiff's shortage. It had been paid by the bonding company more than two years before the prosecution was instituted, and had given an assignment of all its claims against the plaintiff. Nushzno testified that he was requested to make the complaint by the bonding company, and that a representative of that company went with him to the prosecuting attorney's office for that purpose. It was the agent's duty to make collections for his insurance company and to endeavor to secure reimbursements when agents retained any of their employer's funds, but when the employer had been reimbursed by the bonding company, the agent's duty in connection with that collection ceased; so when he made the complaint he was not doing any service for his company; he was not engaged in his employer's business. He represented the bonding company. He testified that he had no instructions from his company, and as far as appears in this record the company had no knowledge that the prosecution had been instituted by its agent. In view of these undisputed facts, we think he was not act-

ing within the scope of his employment, and the court should not have held his company liable.

3.   Error is alleged in the following instructions to the jury:

"Sixteenth.   In this case it is not a question of whether Clanan was ever short in his accounts, but rather, was Clanan guilty of embezzlement as charged in the written complaint filed; and if you find from the testimony in this case, or the lack of testimony, that the defense here has failed to prove that on June 30, 1926, Clanan embezzled the sum of $39.41, then I charge you that that is proof of want of probable cause.

"Now, again, I call your attention to the date set forth in the complaint.   It does not mean in the case of embezzlement that the embezzlement actually took place on that date, but it means that the complaint may show acts of embezzlement within a period of six months subsequent to the date set forth in the complaint, and that the assistant prosecutor testified could not be done."

These instructions are erroneous, first, in making the finding of probable cause depend upon proof of guilt; second, in placing the burden of proof upon the defendants, and third, in their reference to the proof of acts of embezzlement subsequent to the date alleged in the complaint.   As to the latter, it was a correct statement of the law, but the testimony showed that the date alleged was an error of the prosecuting attorney in drafting the complaint.   The alleged acts of embezzlement occurred prior to the date charged.   That is why the criminal case was dismissed.   Because of this error the defendants were unable to prove acts subsequent to the date charged.   It follows that an instruction that, to show probable cause, the defendants must prove guilt by

acts subsequent to the date alleged in the complaint, was equivalent to directing a verdict against them.

But probable cause does not depend upon guilt. An accused party may be innocent of the crime charged against him, and yet there may exist probable cause for his arrest. In actions for malicious prosecution, guilt is a complete but not a necessary defense. It is sufficient if the one who complains has knowledge of facts sufficient to create a belief of guilt in the mind of a reasonable and ordinarily cautious man.

4. Complaint is also made of an instruction that if the jury found there was malice in instituting the criminal proceedings, it "would destroy any defense based upon the idea that there was probable cause for Clanan's arrest."

In *Weiden* v. *Weiden, supra,* it was said:

"It is a recognized rule that malice may be inferred from want of probable cause, but this is not a rule that works both ways. Want of probable cause may not be inferred from malice."

The instruction was erroneous.

We do not deem it necessary to discuss other questions presented by the record. They are not likely to arise on a new trial.

The judgment is reversed, without a new trial as to defendant John Hancock Mutual Life Insurance Company. A new trial is granted to defendant Nushzno. Defendants will have costs.

CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.