ROBLYER *v.* HOYT.

1. Malicious Prosecution—Elements.

> To maintain an action for malicious prosecution it must be established that the alleged prosecution has come to an end in plaintiff's favor, the defendant had no probable cause and had acted from malicious motives.

2. Same—Action.

> Actions for malicious prosecution are regarded by law with great jealousy and ought not to be favored but managed with great caution.

3. Same—Public Officers—Probable Cause.

> All reasonable safeguards must be accorded public officers in the performance of their official duties to the end that suits for malicious prosecution which tend to deter them from the proper performance of their duties to the detriment of the safety and welfare of the community may not be maintained

References for Points in Headnotes

[1] 34 Am Jur, Malicious Prosecution § 6.
[2] 34 Am Jur, Malicious Prosecution § 5.
[3] 34 Am Jur, Malicious Prosecution § 86.
[4] 3 Am Jur, Appeal and Error § 932; 41 Am Jur, Pleading § 332.
[5] 34 Am Jur, Malicious Prosecution § 130.
[6] 34 Am Jur, Malicious Prosecution § 161.

unless there be a complete absence of probable cause for the prosecution of the action claimed to be malicious.

4. PLEADING—MOTION TO DISMISS.
   All well-pleaded allegations of fact in plaintiff's declarations must be accepted as true upon review of an order disposing of a motion to dismiss.

5. MALICIOUS PROSECUTION—PLEADING—WANT OF PROBABLE CAUSE.
   Trial court's dismissal of count for malicious prosecution on ground that there had been probable cause for instituting proceeding to determine plaintiff's mental competency *held,* supported by record wherein plaintiff's allegation of lack of probable cause was unsupported by allegations of supporting facts and motion to dismiss was supported by affidavit of probate judge before whom defendant policewoman had appeared and sought to institute the sanity proceeding claimed to be malicious and the affidavit of such defendant.

6. SAME—WANT OF PROBABLE CAUSE—UNDISPUTED FACTS.
   The want of probable cause for instituting proceeding, claimed to be malicious, is a question of law to be determined by the court, where the facts are conceded or are undisputed.

Appeal from Kalamazoo; Hatch (Blaine W.), J., presiding. Submitted June 9, 1955. (Docket No. 45, Calendar No. 46,496.) Decided October 3, 1955.

Case by Clara A. Roblyer against Howard W. Hoyt and 8 others, all of the Kalamazoo police and fire departments, for false arrest and malicious prosecution. On defendant's motion second count in declaration dismissed. Plaintiff appeals. Affirmed.

*Milo O. Bennett* and *Roscoe G. Goembel,* for plaintiff.

*Morris & Culver* (*David Morris,* of counsel), for defendants.

SMITH, J. This is an action to recover damages for false arrest and imprisonment and malicious prosecution. Plaintiff appeals from an order of the

circuit court dismissing the second count in her declaration, alleging malicious prosecution.

Plaintiff Clara Roblyer, is a widow approximately 60 years of age, who has resided in a small 1-family dwelling house in the city of Kalamazoo for some 22 years. Defendants are employees of the city of Kalamazoo in various capacities as chief of police, officers in the police department, captain of the fire department and director and inspectors of the department of buildings. The defendants' respective identities shall hereinafter be referred to as the facts unfold.

On the morning of August 17, 1954, entry was made into the plaintiff's home during her absence by defendant James Ballett, fire department captain, under the authority of the fire statutes for the purpose of inspection and examination and for the discovery of a fire hazard.

Plaintiff alleges that the fire captain was accompanied by defendants Meredith Vind, director of the department of buildings, Carol Lanphear, an inspector of said department, and Edwin Hurley, a police officer. At about 9 p.m. of the same day plaintiff was arrested at her home by defendants Hillyer, a police officer, Iva Timmis and Ardis Ayles, policewomen. The following morning plaintiff was arraigned before the municipal court and charged with violation of the State housing law.* Plaintiff pleaded guilty to the charge and was placed on 2 years' probation.

Defendant Iva Timmis attempted to obtain assistance for the care of plaintiff and contacted her relatives without success. On October 8, 1954, a hearing was had in the probate court on a petition, instituted

---

* For the State housing act, PA 1917, No 167, as amended, see CL 1948, § 125.401 *et seq.* (Stat Ann 1949 Rev § 5.2771 *et seq.*). Particularly applicable in this case are sections relative to inspection and cleanliness, CL 1948, §§ 125.474, 125.514 (Stat Ann 1949 Rev §§ 5.2846, 5.2886).

by defendant Timmis, praying that she be declared the proper person to file petition for the appointment of a guardian for plaintiff. At the hearing defendant Timmis described the conditions which existed at plaintiff's home; chimneys "about ready to fall off," a front door blocked by debris which opened about 14 to 18 inches, the house piled full of debris and rubbish with little aisles through it, great piles of paper stacked everywhere, no heat, light cords with the insulation off, no refrigeration, no food or running water and no toilet facilities, brush and trash strewn about the yard, and a garage "filled to capacity with the same kind of junk and stuff that there was in the house." At the conclusion of the hearing the court entered an order determining that defendant Timmis was a proper person to file a petition for appointment of guardian of Clara Roblyer, alleged mentally-incompetent person.

A petition for appointment of Jennie Welty, a neighbor and friend of plaintiff, was filed by defendant Timmis and an order for hearing thereon entered, to be held November 23, 1954. On November 2, 1954, an appearance was entered in behalf of plaintiff by her attorney, and on November 10th a notice of hearing to dismiss the petition for appointment of guardian was filed by counsel. The following day defendant Timmis petitioned the probate court for permission to withdraw her petition for appointment of guardian on the ground that certain parties evinced an interest in plaintiff and "in view of the interest of private parties in said Clara Roblyer, it is no longer necessary that Iva Dee Timmis, policewoman, be a party hereto, since the public interest does not demand it." A discontinuance was subsequently filed.

We are here concerned with but 1 facet of the case, namely, has plaintiff in her declaration sufficiently stated a cause of action for malicious prosecution to

withstand defendants' challenge of their motion to dismiss. What, then, are the requisite elements of the cause of action? In *Merriam* v. *Continental Motors Corporation,* 339 Mich 546, 554, we said:

" 'We have repeatedly held that in order to maintain a suit for malicious prosecution, it must be established: (1) The fact of the alleged prosecution that has come to a legal termination in plaintiff's favor; (2) that the defendant had no probable cause; (3) that he acted from malicious motives.' *Turbessi* v. *Oliver Iron Mining Co.,* 250 Mich 110, 112 (69 ALR 1059)."

See, also, 3 Restatement, Torts, § 653 *et seq.*

It is also pertinent to observe that, as was said in *Van Sant* v. *American Express Co.* (CCA), 158 F2d 924, 931:

"Actions for malicious prosecution are regarded by law with jealousy and they ought not to be favored but managed with great caution."

The reason is obvious. Such suits have a tendency to deter our public officials from the proper performance of their duties to the detriment of the safety and welfare of the community. While such actions are not discouraged, in a proper case, nevertheless all reasonable safeguards must be accorded those who, in the performance of their official duties, must take decisive and often summary action. It is absolutely essential, then, that there be a complete absence of probable cause for the prosecution of the action.

The rule is too well known to require citation of authority that upon review of a motion to dismiss all well-pleaded allegations of fact in plaintiff's declaration must be accepted as true. Let us, then, upon these principles, examine the nature of plaintiff's allegations and her basis for the charge of malicious prosecution. In substance we find that the plaintiff's

allegations are those of the facts hereinabove related, with, however, considerable embellishment. Thus it is alleged that defendant Timmis' petition in the probate court had the "conspiratorial approval" of the other defendants—that there had been a termination in plaintiff's favor of "said proceeding and prosecution," and that the "said lunacy charge" had damaged and harassed plaintiff and had caused her anguish. The declaration concludes with the statement:

"On information and belief that, by reason of the fact, as hereinabove set forth, that said proceeding and prosecution was instituted and prosecuted against plaintiff not only maliciously and without probable cause but also wilfully, wantonly and recklessly, plaintiff suffered punitive and exemplary damages."

Defendants moved to dismiss plaintiff's count in malicious prosecution upon the ground, among others, that the declaration failed to show a want of probable cause, it stating, in part, as follows:

"For failure to state a cause of action for malicious prosecution and  *  *  *  in view of the disclosure by reference to the Kalamazoo county probate court file, as pleaded in said court, that Probate Judge Donald T. Anderson did, prior to the filing of said petition, and as required by the statutes of this State in such case made and provided, examine into the facts and circumstances of said case and did determine that said Iva Timmis was a proper person to make the petition for the appointment of a guardian, and she did not file such petition until the signing of such an order by said judge on or about the 8th day of October, 1954, which order was signed only after the taking of testimony with respect to the same, and the appearance of attorney William H. Culver for and in behalf of Iva Timmis at said hearing, as all of which more fully appears by reference

to the certified photostatic copies of such minutes of testimony and order which is attached hereto and made a part hereof by this reference."

And:

"For the reason that said count 2 of the declaration heretofore filed by Clara A. Roblyer, affirmatively indicates the existence of probable cause, the want of which is an essential element to a suit for malicious prosecution, there being no denial of the truth of the facts alleged in the guardianship petition which has been quoted in part and out of context by said Clara A. Roblyer without denial of either quoted or unquoted portions thereof."

In further support of said motion defendants submitted the affidavit of Donald Anderson, probate judge, and the transcript of the testimony, heretofore summarized, taken in the probate court. Judge Anderson's affidavit stated in part:

"That on October 8, 1954, sworn testimony was taken by me from Iva Dee Timmis pursuant to the probate code of the State of Michigan (CLS 1954, § 703.2 [Stat Ann 1955 Cum Supp § 27.3178 (202)]) for said purpose to determine whether she was a proper person to file said petition and that Attorney William H. Culver was present and appeared in her behalf at said hearing as her attorney, and that a transcript of the testimony taken at that time is attached hereto.

"That from the testimony taken at said hearing, this court was satisfied that there was some evidence of mental incompetency which warranted further hearing after due notice and opportunity for all interested parties to be heard, and that said Iva Dee Timmis appeared to have a basis of knowledge from which she could testify, and appeared to have a responsibility in the matter as a public official."

The trial judge, after carefully analyzing the essential elements of the action, was of the opinion that:

"It is apparent from a thorough consideration of count 2 of plaintiff's declaration, that there are no facts alleged showing that said proceedings to have a guardian appointed for plaintiff, Clara A. Roblyer, in the probate court of Kalamazoo county, was initiated without probable cause and primarily for a purpose other than that of securing adjudication of the mental competency of the said Clara A. Roblyer. The declaration merely alleges a conclusion of law, that said proceedings were instituted and prosecuted without probable cause, and the court has a right to consider the affidavit of Judge Anderson and the transcript of the testimony as bearing on said question.

"The affidavit of Hon. Donald T. Anderson, judge of probate, together with the transcript of testimony taken in the probate court under the provisions of (CLS 1954, § 703.2 [Stat Ann 1955 Cum Supp § 27.-3178 (202)]) for the purpose of determining whether Iva Dee Timmis, police detective with Kalamazoo city police, was a proper person to file the petition for appointment of a guardian for Clara A. Roblyer, clearly shows probable cause for the filing of said petition. The probate judge who was a licensed member of the State bar, not only found that Iva Dee Timmis, police detective, was a proper person to file said petition, but that the petition alleged facts which, if true, would be some evidence of incompetency, and by allowing the filing of said petition, in fact held that the facts presented in said petition and at said hearing, showed probable cause for the filing and hearing of said petition.

"I therefore find that count 2 of plaintiff's declaration does fail to state a cause of action, as the same fails to state facts, showing that the proceedings to have Clara A. Roblyer adjudged mentally incompetent were instituted without probable cause, and primarily for a purpose other than securing an adjudication of her competency, and therefore does not state a cause of action for malicious prosecution."

We concur with the finding reached by the trial judge. We have pointed out heretofore that a lack of probable cause is an essential element to maintain an action for malicious prosecution. *Thomas* v. *Bush,* 200 Mich 224. "Want of probable cause is thus the very gist of the action." 34 Am Jur, Malicious Prosecution, § 46, pp 730, 731. Plaintiff's declaration, it is true, alleges that defendants acted without probable cause, but this is merely a conclusion of law. There is a complete want of proper allegations of fact sufficient to support the conclusion and to show that the proceedings instituted by defendants were, in truth, without probable cause. The record of the probate proceedings supports the finding of ample probable cause. It is neither denied nor disputed that the "conditions" and circumstances under which plaintiff was living did not, in fact, exist. We think that, as such, they formed adequate grounds for defendant Timmis' action.

"It is the settled rule in this State that where the facts are conceded, or are undisputed, the want of probable cause is a question of law to be determined by the court." *Thomas* v. *Bush, supra,* 227.

See *Schneider* v. *Briggs Manufacturing Co.,* 260 Mich 51; *Clanan* v. *Nushzno,* 261 Mich 423, and *Merriam* v. *Continental Motors Corporation, supra.*

Dismissal of the count in malicious prosecution was proper, failure to show a want of probable cause being a bar to the action. Other grounds set forth as defenses, in view of our decision, need not be discussed.

The order appealed from is affirmed. Costs to defendants.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.