677 N.W.2d 796 (2004)
469 Mich. 1037
MEE SOOK RADZINSKI, a/k/a SUE RADZINSKI, Plaintiff-Appellant,
v.
JOHN DOE/JANE ROE as PERSONAL REPRESENTATIVE of JENNIFER CARLSON, a Minor, NANCY LEE CARLSON, ERIC STEVEN CARLSON, Jointly and Severally, Defendants-Appellees.
No. 122522.
Supreme Court of Michigan.
April 13, 2004.
CAVANAGH and KELLY, JJ., join in the statement of MARKMAN, J.

OPINION
On order of the Court, leave to appeal having been granted and the Court having considered the briefs and oral arguments of the parties, the order of July 3, 2003 which granted leave to appeal is VACATED and leave to appeal is DENIED because we are no longer persuaded the questions presented should be reviewed by this Court.
MARKMAN, J. (In Part)
MARKMAN, J. (concurring in part and dissenting in part).
This Court granted leave to appeal. Following oral argument, the majority has now concluded that leave to appeal should be denied. Although I agree that leave should be denied with regard to plaintiff's intentional infliction of emotional distress, conspiracy to commit intentional infliction of emotional distress, and abuse of process claims, I respectfully disagree with vacating the grant of leave on plaintiff's other claims. Instead, I would reverse the judgment of the Court of Appeals with regard to plaintiff's malicious prosecution and conspiracy to commit malicious prosecution claims.
Shortly after one of the defendants lost her job at a company where plaintiff's husband serves in a management capacity and she unsuccessfully sought to regain employment with this company, defendants accused plaintiff of sexually assaulting their daughter. Following a jury trial, plaintiff was acquitted of fourth-degree criminal sexual conduct. Plaintiff then brought this civil action against defendants, alleging malicious prosecution, abuse of process, intentional infliction of emotional distress, and conspiracies to commit malicious prosecution and intentional infliction of emotional distress. The trial court granted defendants' motion for summary disposition on each of these claims, and the Court of Appeals affirmed.[1] "The plaintiff who is unjustifiably prosecuted suffers a number of harms that are worthy of redress, but redress does not come easily."[2] Dobbs, Torts (2000), § 430, p 1215. The burden is on the plaintiff to prove: (1) the defendant initiated a criminal proceeding against the plaintiff;[3] (2) the criminal proceedings terminated *797 in the plaintiff's favor; (3) the private person who instituted or maintained the prosecution lacked probable cause; and (4) the prosecution was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice.[4]Matthews v. Blue Cross & Blue Shield of Michigan, 456 Mich. 365, 378, 572 N.W.2d 603 (1998). "It is difficult to prove all four of the required elements and it is meant to be, since those who report a perception of crime should not be led by fear of liability to withhold information from police and prosecutors."[5] Dobbs, Torts, § 430, p. 1215-1216. As this Court explained in Matthews, supra, p. 377, 572 N.W.2d 603:
Malicious prosecution is a tort that "runs counter to obvious policies of the law in favor of encouraging proceedings against those who are apparently guilty, and letting finished litigation remain undisturbed and unchallenged." Prosser & Keeton, Torts (5th ed.), § 119, p. 876. However, the interests of persons wrongfully prosecuted must also be protected. Balancing the interests involved, actions for malicious prosecution have historically been limited by restrictions that make them difficult to maintain.[[6]]
Accordingly, "[w]hen a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable ... even though the information proves to be false and his belief was one that a reasonable man *798 would not entertain."[7]Matthews, supra, p. 385 n. 28, 572 N.W.2d 603, quoting 3 Restatement Torts, 2d, § 653, comment g, p. 409. On the other hand, if a private person gives to a prosecuting officer information that he knows to be false and the officer initiates criminal proceedings based upon that information, the informer may be held liable for malicious prosecution. Matthews, supra, p. 385, 572 N.W.2d 603 (emphasis added). Such an informer may be held liable because "[i]f ... the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information." 3 Restatement Torts, 2d, § 653, comment g, p. 409.[8]
When ruling on a motion for summary disposition brought pursuant to MCR 2.116(C)(10), the evidence must be viewed in the light most favorable to the party opposing the motionin this case, plaintiffand such a motion may only be granted where there is no genuine issue regarding any material fact. In this case, there remains a genuine issue of material fact whether defendants knew the information they furnished was false. Therefore, the trial court, in my judgment, erred in granting summary disposition on plaintiff's malicious prosecution claim.
The Court of Appeals concluded that, because the sheriff's department conducted an "independent investigation," defendants cannot be held liable for malicious prosecution. In my judgment, this analysis would effectively nullify the tort of malicious prosecution. It is virtually inconceivable that a prosecutor would not conduct at least some modicum of an independent investigation before initiating a criminal prosecution. It has never been the law of our state that the carrying out of an independent investigation by the police or the prosecutor immunizes a complainant from a malicious prosecution charge. The fact of such an investigation has no bearing on what is at the core of the malicious prosecution tortthe false and malicious reporting of a crime.[9] Under the analysis of the Court of Appeals, a malicious prosecution claim will lie only where the police and the prosecutor have done absolutely nothing to verify the complainant's story before bringing charges against the accused. This almost never happens.
While this Court must avoid deterring witnesses from coming forward to report crimes out of fear of a potential malicious prosecution claim, it must also deter those who come forward to falsely report crimes, while affording redress to persons who have been wronged by the latter conduct. That is, our justice system must be in balance. It cannot achieve its ends of identifying those who have committed crimes if witnesses are either discouraged from testifying or witnesses are not discouraged *799 from testifying falsely. There is no evidence that our current justice system has not been in balance. The tort of malicious prosecution does not constitute a commonplace cause of action, yet it remains available in appropriate cases.[10] The present balance would be undermined by maintaining the analysis of the Court of Appeals, and rendering the tort of malicious prosecution effectively a dead letter.
Regarding plaintiff's claim of conspiracy to commit malicious prosecution, there does not seem to be any question that defendants acted in concert. The only question is whether they improperly acted in concert to accuse plaintiff of a sexual assault that they knew she did not commit, or they properly acted in concert to seek justice regarding a criminal act that they believed plaintiff committed. Therefore, for the same reasons that I believe that the trial court erred in granting summary disposition on plaintiff's claim of malicious prosecution, I believe that the trial court erred in granting summary disposition on plaintiff's conspiracy to commit malicious prosecution claim.
*800 MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., join in the statement of MARKMAN, J.
NOTES
[1] Unpublished opinion per curiam, issued September 20, 2002 (Docket No. 233998).
[2] In a malicious prosecution case, "the plaintiff is complaining because the defendant unjustifiably instigated a[] . . . criminal prosecution against the plaintiff, causing the plaintiff expense and perhaps loss of reputation. The injustice felt by one who has been wrongly prosecuted is clear enough. The chief policy against redress for such a victim is that prosecutions of the arguably guilty should not be discouraged by the threat that the complaining witness will be held liable in damages." Dobbs, § 429, p 1213.
[3] "In order to charge a private person with responsibility for the initiation of proceedings by a public official, it must . . . appear that his desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him upon which the official acted was known to be false." 3 Restatement Torts, 2d, § 653, comment g, p 409.
[4] "[I]f it appear[s] that the defendant had probable cause the action must fail, no matter how wicked or flagitious may have been the real motive." Hamilton v. Smith, 39 Mich. 222, 226 (1878).
[5] "The law supports the use of litigation as a social means for resolving disputes, and it encourages honest citizens to bring criminals to justice. Consequently the accuser must be given a large degree of freedom to make mistakes and misjudgments without being subjected to liability. On the other hand, no one should be permitted to subject a fellow citizen to prosecution for an improper purpose and without an honest belief that the accused may be found guilty. The individual interest in freedom from unjustifiable litigation and the social interest in supporting resort to law have traditionally been balanced by the requirement that the plaintiff must prove four elements to establish a malicious prosecution action against an accuser...." Prosser & Keeton, Torts (5th ed.), § 119, p. 871.
[6] [A]ctions for malicious prosecution have "been hedged about by limitations more stringent than those in the case of almost any other act causing damage to another and the courts have allowed recovery only when the requirements limiting it have been fully complied with."

Malicious prosecution cases require instructions that definitely and clearly define to the jury the legal principles involved in determining whether there was an absence of probable cause, whether malice was proven, and whether malice could be inferred from the want of probable cause. [Renda v. Int'l Union, UAW, 366 Mich. 58, 75, 114 N.W.2d 343 (1962) (citation omitted).]
"The restrictions that [are] impose[d] upon a recovery for the wrongful prosecution of criminal proceedings represent an adjustment between two highly important social interests. The first is the interest of society in the efficient enforcement of the criminal law, which requires that private persons who aid in the enforcement of the law should be given an effective protection against the prejudice that is likely to arise from the termination of the prosecution in favor of the accused. The second is the interest that the individual citizen has in being protected against unjustifiable and oppressive litigation of criminal charges, which not only involve pecuniary loss but also distress and loss of reputation." 3 Restatement Torts, 2d, Introductory note, p. 405.
[7] "The danger of penalizing one who cooperates with law enforcement is so great that it is appropriate to require more than negligence." Dobbs, § 431, p. 1218.
[8] "Since the absence of belief in the guilt of the accused negatives the existence of probable cause ..., and since it is also conclusive of the impropriety of purpose for which the proceedings were initiated, it follows that proof of lack of belief, coupled with proof of the favorable termination of the proceedings, is sufficient to establish the liability of the person initiating them." 3 Restatement Torts, 2d, § 668, comment e, p. 439.
[9] "[A] person cannot shield himself from liability... if he was aware that the accused was in fact guiltless...." Hamilton, supra, p. 227.
[10] "Actions for malicious prosecution have never been favored in the law, although they have always been readily upheld when the proper elements thereof have been presented." Cooley on Torts (3d ed.), p. 319. See, for example, Koski v. Vohs, 426 Mich. 424, 427, 395 N.W.2d 226 (1986); Belt v. Ritter, 385 Mich. 402, 405-406, 189 N.W.2d 221 (1971); Renda, supra, p. 74, 114 N.W.2d 343; Talosi v. Tury, 368 Mich. 487, 493, 118 N.W.2d 388 (1962); Drobczyk v. Great Lakes Steel Corp., 367 Mich. 318, 323, 116 N.W.2d 736 (1962); Stefanic v. Montgomery Ward & Co., 358 Mich. 460, 462, 100 N.W.2d 250 (1960); Gooch v. Wachowiak, 352 Mich. 347, 351, 89 N.W.2d 496 (1958); Modla v. Miller, 344 Mich. 21, 22, 73 N.W.2d 220 (1955); Roblyer v. Hoyt, 343 Mich. 431, 435, 72 N.W.2d 126 (1955); Merriam v. Continental Motors Corp., 339 Mich. 546, 554, 64 N.W.2d 691 (1954); DeVitis v. Newcomb-Endicott Co., 264 Mich. 1, 5, 249 N.W. 487 (1933); Clanan v. Nushzno, 261 Mich. 423, 432, 246 N.W. 168 (1933); Maxson v. Kohler. 256 Mich. 520, 523, 240 N.W. 10 (1932); Tutton v. Olsen & Ebann, 251 Mich. 642, 645, 232 N.W. 399 (1930); Turbessi v. Oliver Iron Mining Co., 250 Mich. 110, 112, 229 N.W. 454 (1930); Gedratis v. Carroll, 247 Mich. 141, 145, 225 N.W. 625 (1929); Johnson v. Gerasimos, 247 Mich. 248, 250-251, 225 N.W. 636 (1929); Weiden v. Weiden, 246 Mich. 347, 352, 224 N.W. 345 (1929); Swaney v. John Schlaff Creamery Co., 212 Mich. 567, 569, 180 N.W. 599 (1920); Thomas v. Bush, 200 Mich. 224, 227, 166 N.W. 894 (1918); Gilecki v. Dolemba, 189 Mich. 107, 109, 155 N.W. 437 (1915); Hickey v. Shellenbarger, 180 Mich. 548, 552, 147 N.W. 574 (1914); Birdsall v. Smith, 158 Mich. 390, 391-392, 122 N.W. 626 (1909); Smith v. Tolan, 158 Mich. 89, 93, 122 N.W. 513 (1909); Christy v. Rice, 152 Mich. 563, 565-566, 116 N.W. 200 (1908); Slater v. Walter, 148 Mich. 650, 653, 112 N.W. 682 (1907); Davis v. McMillan, 142 Mich. 391, 394, 105 N.W. 862 (1905); Adkin v. Pillen, 136 Mich. 682, 685, 100 N.W. 176 (1904); Mack v. Sharp, 138 Mich. 448, 449, 101 N.W. 631 (1904); Gould v. Gregory, 133 Mich. 382, 386, 95 N.W. 414 (1903); Rogers v. Olds, 117 Mich. 368, 370-371, 75 N.W. 933 (1898); Pawlowski v. Jenks, 115 Mich. 275, 276, 73 N.W. 238 (1897); Tryon v. Pingree, 112 Mich. 338, 342, 70 N.W. 905 (1897); Wakely v. Johnson, 115 Mich. 285, 287, 73 N.W. 238 (1897); Fletcher v. Chicago & N.W. R. Co., 109 Mich. 363, 369, 67 N.W. 330 (1896); Fine v. Navarre, 104 Mich. 93, 94, 62 N.W. 142 (1895); Poupard v. Dumas, 105 Mich. 326, 328, 63 N.W. 301 (1895); Rankin v. Crane, 104 Mich. 6, 9, 61 N.W. 1007 (1895); Govaski v. Downey, 100 Mich. 429, 434, 59 N.W. 167 (1894); LeClear v. Perkins, 103 Mich. 131, 137, 61 N.W. 357 (1894); Holmes v. Horger, 96 Mich. 408, 410, 56 N.W. 3 (1893); Harris v. Woodford, 98 Mich. 147, 150, 57 N.W. 96 (1893); Perry v. Sulier, 92 Mich. 72, 75, 52 N.W. 801 (1892); Webster v. Fowler, 89 Mich. 303, 304, 50 N.W. 1074 (1891); Antcliff v. June, 81 Mich. 477, 491, 45 N.W. 1019 (1890); Huntington v. Gault, 81 Mich. 144, 153, 45 N.W. 970 (1890); Wilson v. Bowen, 64 Mich. 133, 137, 31 N.W. 81 (1887); Smith v. Austin, 49 Mich. 286, 289, 13 N.W. 593 (1882); Edgeworth v. Carson, 43 Mich. 241, 247, 5 N.W. 282 (1880); Hamilton, supra, p. 225.